Linda BUCKNER and Lawrence Buckner, Plaintiffs–Appellants,

v.

SAM'S CLUB, INCORPORATED, Defendant–Appellee.

No. 95–2080.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 1, 1995.

Decided Jan. 25, 1996.

Gerald H. McGlone, McGlone Law Offices, Terre Haute, IN, Thomas Joseph Chowning, argued, Chowning Law Offices, Terre Haute, IN, for Plaintiffs–Appellants.

Gus Sacopulos, argued, Gregory S. Carter, Sacopulos, Johnson, Carter & Sacopulos, Terre Haute, IN, for Defendant–Appellee.

Before POSNER, Chief Judge, and FLAUM and MANION, Circuit Judges.

MANION, Circuit Judge.

Linda Buckner slipped and fell in a Sam's Club while perusing a temporary display of watches and jewelry. As a result of the fall she claimed injuries to her neck, back, and right shoulder. Linda (and her husband) sued in Indiana state court contending that Sam's Club had failed to properly maintain the premises and to take adequate precautions to protect Linda from potential dangers. Sam's Club removed the matter to federal court. The district court granted summary judgment in favor of Sam's Club, Inc. We affirm.

Linda Buckner claims to have stepped on a small object that was on the floor near a temporary jewelry and watch display at Sam's Club. She apparently incurred injuries to her back, neck, and shoulder. Lawrence Buckner claims the loss of the comfort, society, and consortium of his wife due to her injuries. From the outset, the principal snag in the Buckners' case has been that the

object she stepped on was neither seen nor found. Thus the causal connection between Sam's Club and the fall is tenuous. At her deposition, Linda first described what she stepped on as "something uneven and faulty," and then as a "lump" under "the ball of [her] shoe." She said she did not know what the object was, however, and although an immediate search was made in the enclosed area adjacent to the fall, neither she nor store personnel ever found what (if anything) she had slipped on.

The Buckners attempted to bolster Linda's weak deposition testimony with a supplemental affidavit submitted in response to Sam's Club's motion for summary judgment. There she was decidedly more specific about what she had stepped on, describing it as a "small object" that "felt to be about the size of a ladies watch, which is one of the types of items that were on the display tables." The Buckners also submitted an affidavit from Douglas Timmons, a safety management expert, asserting that Linda had slipped and fallen "as a direct result of stepping on a watch that had been dropped or knocked off the display." The principal basis for this conclusion was his observation that Sam's Club's use of common, light-weight, folding tables without edges or rails made it more likely that merchandise would fall to the floor than if Sam's Club had displayed the items on tables with edges. Also, because the merchandise could easily fall on the floor, Timmons disapproved of the way customers were allowed to handle the watches and jewelry and of Sam's Club's system for monitoring the display area. In short, the affidavit stated that Timmons was sure Linda had slipped on a wayward watch because the nature of the display and the inspection system made it probable that a watch had fallen to the floor.

The district court excluded both affidavits—Linda's on the ground that it was a "clear attempt by plaintiffs to shore up obvious gaps in their prima facie case with phantom evidence" that was contradictory to her sworn deposition testimony; and Timmons' on the ground that it did not contain the type of information that qualifies as expert evidence under the test established in *Daubert*

*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The court also noted that even if admissible, the Timmons affidavit was insufficient to establish causation, the critical missing element of the Buckners' case. The court then ruled that the Buckners had failed to prove their prima facie case and granted Sam's Club's motion for summary judgment. (The district court also discounted the possibility that the doctrine of *res ipsa loquitur* supplies the missing causation, and the Buckners have expressly disclaimed that theory on appeal.)

On appeal, the Buckners contend that the district court erred in striking the Buckner and Timmons affidavits. The Buckner affidavit did not contradict Linda's prior sworn testimony, they argue, and the Timmons affidavit should have been admitted because it was based on "scientific safety management principles" and was valuable to assist the trier of fact in understanding the nature of Sam's Club's negligence.

▉ We review a district court's rulings on evidentiary matters for abuse of discretion, giving the trial judge much deference. *United States v. Akinrinade*, 61 F.3d 1279, 1282 (7th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 541, —— L.Ed.2d —— (1995); *Littlefield v. McGuffey*, 954 F.2d 1337, 1342 (7th Cir.1992). As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony. *Russell v. Acme–Evans Company*, 51 F.3d 64, 67–68 (7th Cir. 1995); *Diliberti v. United States*, 817 F.2d 1259, 1263 (7th Cir.1987); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 861–62 (7th Cir. 1985); *cf. Adelman–Tremblay v. Jewel Companies, Inc.*, 859 F.2d 517, 520–21 (7th Cir. 1988) (contradictory affidavit containing newly-discovered evidence is an exception to rule). However, supplemental affidavits can be employed to clarify ambiguous or confusing deposition testimony. *Id.* at 520.

▉ Sam's Club argues (and the district court concluded) that the Buckner affidavit was a blatant contradiction of Linda's prior deposition testimony. But that probably overstates it. True, in her deposition Linda

denied knowing precisely what the object was, but she did offer some commentary on its physical nature, describing it as "uneven and faulty" and "lumpy." The Sam's Club attorney who took her deposition interpreted this to mean that the cause of Linda's fall "was some kind of a foreign object" which was "raised." The statement in the subsequent affidavit that she stepped on a "small object" is not contradictory, therefore, unless one means to argue that she could have stepped on a "large" object, something Linda's testimony and the context of the accident would seem to preclude. Rather, the potential contradiction appears when the affidavit's convenient statement that the object "felt to be about the size of a ladies' watch" is contrasted with the prior response in her deposition that she did not know what the object was. However, a statement that one does not "know" what something is is not necessarily inconsistent with a subsequent description of how the thing felt, or even of what it felt like. Depending on its specificity, a description of how something feels can be perfectly consistent with such a statement. For instance, although one may state that he does not know precisely what a round, flat object is, he may also say without contradiction that it feels like a coin or a token or a washer.

The concern in litigation, of course, is that a party will first admit no knowledge of a fact but will later come up with a specific recollection that would override the earlier admission. Linda's affidavit falls into this category. Instead of offering a description using general terms ("rounded," "about a third to half an inch thick"), the affidavit describes the previously unknown object as feeling like a "watch," and a "ladies' watch" no less, one of the few objects that could directly link Sam's Club with the accident. In the context of opposing a motion for summary judgment, and when contrasted with a clear prior statement disclaiming knowledge of the object, this highly specific description appears to be an effort to undo (contradict) the effects of the deposition testimony and thereby establish the missing causal link between the store and the fall. This is certainly a conclusion the district court could have

rationally made, which for purposes of our review was not an abuse of discretion.

■ The district court excluded the Timmons affidavit for a different reason: that it did not amount to expert evidence under the Federal Rules of Evidence. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* held that under the rules of evidence, when a trial judge is "[f]aced with a proffer of expert scientific testimony ... [he] must determine at the outset ... whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." 509 U.S. at ——, 113 S.Ct. at 2796; *Porter v. Whitehall Laboratories, Inc.*, 9 F.3d 607, 612–16 (7th Cir.1993) (reviewing and applying *Daubert* analysis). Here the district judge was unable to determine whether Timmons was able to render an expert opinion on merchandise display safety. But he did conclude that the affidavit provided no scientific or technical knowledge that would assist the trier of fact.

Much of what appears in the Timmons affidavit amounts to simple common sense. For example, expert evidence is unnecessary to establish that watches and jewelry are more likely to fall off tables without raised edges than those with. Thus, there is ample room for doubting the "expert" nature of Timmons' statement, and hence its admissibility as expert evidence. But we need not decide whether the affidavit contained scientific knowledge. The principal contention in Sam's Club's motion for summary judgment was that the Buckners had failed to "establish the existence of any defect in the floor area in which [Linda] fell or the presence of any object" on which she might have slipped. Put another way, the Buckners had no evidence linking the accident with Sam's Club's alleged negligence; their case lacked the critical element of causation. *Dickison v. Hargitt*, 611 N.E.2d 691, 694 (Ind.App.1993) (causation element of *prima facie* case of negligence). The district court correctly recognized that the Timmons affidavit offered nothing to "assist the trier of fact to understand or determine" this issue. *See Daubert*, 509 U.S. at ——, 113 S.Ct. at 2796; *see also* Fed.R.Evid. 702 (expert may testify if "spe-

cialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue"). The affidavit merely states the obvious: that improperly displayed merchandise can fall to the floor where someone might step on it and fall. But Timmons concludes that "Mrs. Buckner's fall while walking through [the] display area was the direct result of this special display not being set up with adequate safety precautions." This conclusion is only conjecture and is wholly without evidentiary support. It presented no basis for establishing causation, the decisive issue on summary judgment. The district court did not abuse its discretion by excluding it.

 The Buckners also contend that the district court erred in ruling that they had failed to establish a *prima facie* case of negligence. "To establish a *prima facie* case, [the Buckners] had to present admissible evidence that [Sam's Club] owed [Linda] a duty, that the duty was breached, and that the breach proximately caused [her] injury." *Dickison*, 611 N.E.2d at 694. Causation, therefore, is essential, and in Indiana causation means, "at a minimum, causation in fact—that is, that the harm would not have occurred 'but for' the defendants' conduct." *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind.App. 1994). The district court ruled that the Buckners could not show causation and thus could not establish a *prima facie* case of negligence. We agree. The problem under these circumstances is that no one has seen this mysterious object, even though several searched for it. Linda felt through the sole of her shoe only something "lumpy" or "uneven and faulty." Of course the Buckners would like to say that, given the supposedly unsafe displays, it must have come from Sam's Club. That was the obvious purpose of the Timmons affidavit. But the fact remains that there is still no direct evidence to support that conclusion. For all anyone can tell Linda slipped on a button that had fallen to the floor from someone's coat, or something lumpy could have just fallen from a customer's pocket. If so, then Sam's Club could not be found negligent. Without some evidence of "but for" causation, the Buckners cannot link what they believe to be Sam's Club's negligence in setting up the merchandise display with Linda's fall. And without such minimal linkage, they cannot state a *prima facie* case of negligence.

AFFIRMED.