CIRCUIT SYSTEMS, INC., Plaintiff,

v.

MESCALERO SALES, INC., Defendant.

No. 95 C 2505.

United States District Court,
N.D. Illinois,
Eastern Division.

April 24, 1996.

Jerome F. Crotty, Robert Anthony McMahon, Rieck & Crotty, P.C., Chicago, IL, for plaintiff.

Frederic A. Mendelsohn, Gerald M. Newman, Schoenberg, Fisher & Newman, Ltd., Chicago, IL, for defendant.

### OPINION AND ORDER

NORGLE, District Judge:

Before the Court is Defendant Mescalero Sales Inc.'s ("Mescalero") Motion to Strike Plaintiff's Fifth Affirmative Defense or for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure 12(f) and 12(c). Mescalero's counterclaim seeks payment allegedly owed under its contract with Plaintiff Circuit Systems, Inc. ("CSI"). For the following reasons, the motion to strike is denied and the alternative motion for judgment on the pleadings is granted in part.

### I. *Background*

CSI is an Illinois corporation which manufactures printed circuit boards. Mescalero is an Arizona corporation which represents manufacturers and solicits orders on their behalf. In the summer of 1991, the parties entered into a contract whereby CSI would pay Mescalero a percentage of sales generated by Mescalero. Pursuant to this agreement, Mescalero initiated representations in August.

In early October, CSI sent Mescalero a written agreement. This document was not signed until after the present controversy arose. In its discovery answers, CSI stated that the submitted document accurately represented the parties' agreement except to the

extent that it describes the commission due Mescalero upon sales. The document refers to a commission structure of 5% for all sales except sales to certain, identified, previous customers of CSI; sales to those customers would receive a commission of 2.5%.

In February 1995, Mescalero requested payment of 5% commissions for sales to the identified customers. On March 3, 1995, CSI and its attorneys rejected this request. On March 23, 1995, CSI filed its complaint for declaratory judgment in the Circuit Court of Cook County, Illinois. The case was subsequently removed to this court, and Mescalero filed its counterclaim and answer on May 3, 1995. Federal subject matter jurisdiction is based on diversity of citizenship. The counterclaim contains several counts and incorporates the written agreement document. Two of the counts (Counts I and III) are based on an Illinois statute. CSI filed its reply and affirmative defenses on May 30, 1995. In its Fifth Affirmative Defense, which is at issue, CSI argues that the Illinois statute is inapplicable to the case. In the instant motion, Mescalero argues that the court should strike CSI's Fifth Affirmative defense to the statutory counts. Alternatively, Mescalero asks the court to enter judgment on the pleadings in its favor and to find Mescalero to be a "sales representative" within the definition of the Illinois statute.

## II. *Discussion*

◼ Rule 12(f) motions are not favored and will be denied unless the language in the pleading has no relation to the controversy and is unduly prejudicial. *Simmons v. John F. Kennedy Medical Ctr.*, 727 F.Supp. 440, 442 (N.D.Ill.1989). In the instant case, the court must take CSI's allegations as true and draw all reasonable inferences in favor of CSI. *See Coca–Cola Co. Foods Div. v. Olmarc Packaging Co.*, 620 F.Supp. 966, 970 (N.D.Ill.1985). Rule 12(f) reads, "[U]pon motion made by a party ... within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense...." Fed. R.Civ.P. 12(f). The time span between May 30 and December 29, 1995 is beyond the 20 day limitation of Rule 12(f). The parties

have not argued that service was incomplete until after December 9 (20 days prior to filing of the motion to strike), and the affidavit of service for the affirmative defenses indicates service by mail deposited on May 23, 1995. Therefore, the motion to strike is denied as untimely.

◼ However, the court considers Mescalero's timely alternative motion for judgment on the pleadings, and grants that motion in part. In its response, CSI erroneously argues that Rule 12(c) required Mescalero to file its motion within twenty days. CSI cites no authority for this proposition and its argument runs contrary to the language of the rule itself. Rule 12(c) states that a motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). The court does not address the disputed commission percentage term of the contract; rather, the Court addresses only the choice of law and applicability of the Illinois statute issues.

◼ As a threshold inquiry, the court notes that Illinois substantive law applies in this case. Federal courts apply choice of law rules from their forum state. *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 572 (7th Cir.1995). Illinois law respects a contract's choice of law provisions, providing that the contract is valid. *Peter G. Kohler, Walter J. Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1184–85 (7th Cir.1996) (citation omitted). In the instant case, the written agreement document contains a provision stating that Illinois law applies. Despite CSI's attempt to deny that Illinois law applies, CSI already conceded this issue in its discovery responses by answering that the document accurately reflected their agreement with only one exception, the disputed commission percentage. Discovery answers are admissions for litigation purposes; thus, CSI's admission that Illinois law applies is binding. *See Bank of Ill. v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162 (7th Cir.1996). Parties may not create genuine issues of material fact by contradicting prior admissions. *Id. See also, Buckner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir.1996) (stating

that parties cannot create fact issues by contradicting prior sworn testimony). CSI offers no explanation for its attempted contradiction of its discovery admissions, such as newly discovered information or the need to clarify earlier discovery responses. *See ibid.* Accordingly, pursuant to the parties' admitted agreement, the court applies Illinois law to the remainder of its discussion.

Still, CSI contends that the document does not reflect the parties' agreement. Again, CSI admitted the accuracy of the document in its discovery response. *See Id.* Based upon CSI's admission, the court finds that the document reflects the parties' agreement except to the extent that the document refers to a commission term, and makes no finding about that term.

The remaining question is whether the Illinois Sales Representative Act, 820 ILCS 120/0.01–120/3 ("ISRA") applies to the instant case, where Mescalero solicited business for CSI outside the State of Illinois. ISRA § 1(4) defines "sales representative" as "a person who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission, but shall not include one who places orders or purchases for his own account for resale or one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act." ISRA § 1(4). This definition contains two parts: the first describes what a "sales representative" is, the second what it is not.

The first part of the definition accurately describes the parties' arrangement. According to the document which CSI itself admits sets forth the actual agreement of the parties (except to the extent that it describes commissions), Mescalero was to solicit wholesale orders and was to be paid for this service by a commission. The second part of the statutory definition does not apply to the parties' agreement.

CSI argues that the reference to the Illinois Wage Payment and Collection Act ("IWPCA") indicates the Illinois legislature's intent to cover only solicitation occurring within the boundaries of Illinois. CSI cites no authority for this proposition. The Sev-

enth Circuit has "made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point." *Doe v. Johnson,* 52 F.3d 1448, 1457 (7th Cir.1995).

Furthermore, both parties ignore recent case law holding to the contrary. In 1990, the Illinois legislature amended ISRA by deleting the words "within this state" from its provisions. *Hammond Group, Ltd. v. Spalding & Evenflo Cos., Inc.,* 69 F.3d 845, 850 (7th Cir.1995). Accordingly, ISRA applies to solicitation occurring outside the State of Illinois after 1990, like that at issue in the instant case. *See id.*

Also, the reference to the IWPCA appears only in the portion of ISRA's definition which does not describe the parties' relationship. ISRA's reference to the IWPCA is relevant only to the determination of whether one is an employee under the IWPCA. ISRA's mention of the IWPCA does not serve to corral ISRA's application into the borders of Illinois.

The court finds legislative intent to extend ISRA to all sales representation agreements having a constitutional connection to the State of Illinois such that jurisdiction would lie. *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), requires "minimum contacts" for jurisdiction to exist. The facts of this case indicate that minimum contacts are present, and Mescalero does not argue to the contrary. In the instant case, an Illinois corporation entered into a contract under Illinois law with a foreign corporation. *See* 735 ILCS 5/2–209(a)(1) and (a)(7). A choice of law provision is a factor in the minimum contacts test. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477–83, 105 S.Ct. 2174, 2185–87, 85 L.Ed.2d 528 (1985). Therefore, under *International Shoe,* the application of the ISRA to the instant case is constitutional. *See International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

### III. *Conclusion*

The court finds that the written agreement document embodies the parties' contract except to the extent that it describes commissions, that Illinois law applies, and that ISRA applies to solicitation outside of Illinois.[1] For the foregoing reasons, Mescalero's motion to strike the fifth affirmative defense is denied and its alternative for judgment on the pleadings is granted in part and denied in part.

IT IS SO ORDERED.

---

1. The parties fail to fully address the issue of whether Mescalero was a "sales representative" within the meaning of ISRA, and the court finds that the issue is not yet ripe for decision.