In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3343

FANNIE B. KALIS,

Plaintiff-Appellant,

v.

COLGATE-PALMOLIVE COMPANY,
MILLEN TRUE VALUE HARDWARE
and MILLEN HARDWARE,

Defendants-Appellees.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern
Division.
No. 95 C 7673--Sidney I. Schenkier, Magistrate
Judge.


Argued April 14, 2000--Decided November 3, 2000




   Before POSNER, RIPPLE and ROVNER, Circuit
Judges.


   RIPPLE, Circuit Judge.  Fannie B. Kalis
brought this products liability action
against Colgate-Palmolive Company
("Colgate") and other defendants/1 for
injuries caused by the explosion of a
container of fondue fuel. Colgate moved
for summary judgment on the ground that
Ms. Kalis could not establish that
Colgate manufactured the product that
caused her injury. The district court
granted Colgate's motion, and Ms. Kalis
appealed. For the reasons set forth in
the following opinion, we affirm the
judgment of the district court.

I
BACKGROUND
A.Facts
1.


   In April 1986, Ms. Kalis' mother, Nancy
Kalis ("Mrs. Kalis"), purchased liquid

fondue fuel from a local hardware store to use at an upcoming party for Ms. Kalis' older sister, Jennifer. During the party, the flame under the fondue pot went out, and Mrs. Kalis attempted to relight it. When she did so, the container of liquid fondue fuel exploded and caused severe injuries to Ms. Kalis. Within a few days of the accident, either Jennifer or Mrs. Kalis discarded the fondue pot and fuel container.

Nearly ten years later, on December 28, 1995, Ms. Kalis brought this action against Colgate. In her complaint, Ms. Kalis alleged that Colgate, as manufacturer of the fondue fuel and container, was responsible for her injuries on theories of negligence, breach of warranty, and strict liability. On October 23, 1996, the district court issued a preliminary pretrial scheduling order that set forth some procedural agreements of the parties, including the decision that "this case may be tried by the assigned Magistrate Judge." R.22 at 4. Ms. Kalis later executed a more formal consent to adjudication by a magistrate. See R.24. Specifically, Ms. Kalis' counsel agreed that: "In accordance with the provisions of 28 U.S.C. sec. 636(c) and Fed. R. Civ. P. 73, the above named . . . parties . . . hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and entry of a final judgment." Id.

More than a year later, the district court conducted a status hearing. According to the accompanying minute entry, the hearing was "held and continued to 9:30 a.m. on 1/13/98. Non expert discovery to be completed by 2/13/98. . . ." Minute Entry of December 5, 1997. During the course of discovery, Colgate propounded interrogatories to Ms. Kalis that, among other information, requested a description of any details concerning the fondue fuel container used at the party. In response, Ms. Kalis did not state that the fuel was manufactured by Colgate; rather, she stated that it was a generic type of liquid fondue fuel, in a white-yellow, pint-sized container, which bore the trade or brand name "True Value."

Colgate also deposed Mrs. Kalis, who testified that she could not recall details concerning the fuel container, other than its height (eight to nine inches) and color (yellow). Mrs. Kalis indicated that she thought the container was cylindrical in shape, but was not sure. She did not know how the container was packaged or the amount of fuel it held. She further testified that she did not recall seeing any type of brand name or warnings on the package. As to thematters on which Mrs. Kalis lacked recollection, she indicated that she could not think of anything that would refresh her memory of the fuel or fuel container that she had purchased nearly twelve years earlier.

In November 1997, Colgate served on Ms. Kalis amended requests to admit. These requests asked that Ms. Kalis admit that she lacked knowledge "of any written representations on the packaging of the product." R.49, Ex.D, Plaintiff's Response to Colgate's Amended Request to Admit at 1. Ms. Kalis failed to respond to the requests within thirty days after service, and the requests therefore were deemed admitted. See R.69 at 16.

2.

One month after the close of discovery, on March 13, 1998, Colgate moved for summary judgment. The crux of Colgate's motion was that Ms. Kalis had failed to come forth with any evidence that Colgate manufactured the fuel or the fuel container that caused her injuries. According to an order entered that same day, the district court set a briefing schedule that required Ms. Kalis to file her responsive brief by May 11, 1998.

Despite the court's order, no answer was filed within the allowed time period, and the docket does not reflect a motion for extension of time to respond to Colgate's motion for summary judgment. Instead, on June 10, 1998, Ms. Kalis moved to stay briefing on the summary judgment motion and to seek additional discovery. In her motion, Ms. Kalis stated that her mother's memory regarding the brand of

fondue fuel had been refreshed after examining color photocopies of Sterno-brand liquid fondue fuel./2 Ms. Kalis attached an affidavit by her mother in which Mrs. Kalis stated that her recollection concerning the manufacturer of the fuel and fuel container had been refreshed. She now believed "that the product which I bought in April 1986 at Millen True Value Hardware in Wilmette, Illinois was Sterno liquid fondue fuel in a container the same as or very similar to the one depicted in the photocopies my lawyer showed to me." R.47, Ex.A at 2. The pictures used to refresh Mrs. Kalis' memory were attached to the affidavit.

In her moving papers, Ms. Kalis stated that she now believed Millen's Hardware Store sold only one brand of fondue fuel at the time she was injured. Consequently, Ms. Kalis asked the district court to suspend briefing for ninety days and to permit the completion of discovery directed to prove this theory. Ms. Kalis also sought an order compelling Colgate to answer outstanding discovery requests concerning the identity of the manufacturer and distributor of the Sterno fuel and container./3 The court denied the motion without an opinion, but extended the response time for the motion for summary judgment until June 30, 1998.

Ms. Kalis filed her response on June 30, 1998. In addition to other materials in opposition to the motion for summary judgment, Ms. Kalis attached her mother's affidavit, amended answers to Colgate's interrogatories, and belated answers to Colgate's amended requests to admit. Colgate timely filed its reply brief on July 14, 1998 and also filed an accompanying motion to strike both Mrs. Kalis' affidavit and Ms. Kalis' answers to the requests for admissions.

B.District Court's Disposition
1.


After failed settlement attempts, the district court ruled on the summary judgment motion on May 10, 1999. The court agreed with Colgate that Ms. Kalis had "failed to identify evidence sufficient to permit a jury to reasonably conclude that Colgate manufactured or supplied the fondue fuel that exploded on

April 15, 1986." R.69 at 9. Ms. Kalis, the district court explained, "plainly understands that this is so, and for that reason has sought to avoid summary judgment by including in her response two items--never produced during discovery--that plaintiff claims creates a genuine issue of material fact concerning whether Colgate manufactured the fuel: (a) the affidavit of Nancy Kalis . . . and (b) a response to amended request to admit. . . ." Id. at 10. The court then addressed whether these two submissions should be considered.

With respect to the affidavit, the district court believed that it contradicted earlier testimony/4 and appeared to be filed solely to create a question of material fact to survive summary judgment. After reviewing this court's decisions in Buckner v. Sam's Club, Inc., 75 F.3d 290 (7th Cir. 1996), and Adusumilli v. City of Chicago, 164 F.3d 353 (7th Cir. 1998), the district court determined that Mrs. Kalis had not offered a "plausible explanation for the discrepancy" between her earlier testimony and the affidavit and therefore disregarded the affidavit. R.69 at 14 (internal quotation marks and citations omitted).

The court also noted that the photographs used to refresh Mrs. Kalis' recollection, attached as exhibits to the affidavit, were not produced prior to the close of discovery. Because Ms. Kalis offered no justification for why the photographs were not used or produced during the course of over two years of discovery, the court held that allowing her to use them would prejudice Colgate and would violate the court's discovery orders.

The court then turned to Ms. Kalis' attempt to file belated responses to the requests to admit. The requests had been deemed admitted by operation of law thirty days after they were served. Contrary to these admissions, Ms. Kalis claimed that her attorney possessed color photocopies of a yellow container of Sterno fondue fuel and that, as a result of viewing these photographs, she had knowledge of the writings on the container. The court found that Ms. Kalis

"ha[d] offered no excuse for [the] tardy reply (which [was] simply tendered without seeking leave of court). If counsel wished to withdraw the admissions, the 'proper procedural vehicle' would have been a motion under Rule 36(b)." Id. at 17. Because Ms. Kalis was using the affidavit to undo the effect of the default admissions, and because Ms. Kalis had not established a basis for retracting her earlier default admissions, the court granted the motion to strike plaintiff's responses to the requests to admit.

The court then summarized its findings with respect to the evidentiary issues. "Without the affidavit, plaintiff is left swimming in a sea of ambiguous descriptions, conflicting descriptions, and failed memories about the allegedly defective fondue fuel and its manufacturer." Id. at 15. Consequently, the district court held that Ms. Kalis had not brought forth sufficient evidence to warrant a trial.

The court next turned to the alternative basis for judgment, raised by Colgate in its reply, that under Illinois law "the absence of the actual product in a product liability action is a sufficient ground for granting summary judgment for the defendants." Id. at 17. The district court held that the absence of the container "would affect Colgate's ability to contest the source of the manufacture of [the] items; it would affect Colgate's ability to defend against the charges of negligence and warranty . . . ; and it would affect Colgate's ability to raise other potential defenses." Id. at 22. Given this prejudice, the district court concluded that "under governing Illinois law[,] plaintiff would not be allowed to proceed with this case in the absence of the fuel and container. Accordingly, this provides an independent and alternative basis for the Court's grant of summary judgment to Colgate." Id. at 23.

2.

After the court's summary judgment order issued, Ms. Kalis then filed a motion for reconsideration. In her motion, Ms. Kalis argued that the district court should

have considered the affidavit and answers to the requests for admissions. Even in the absence of these documents, however, Ms. Kalis believed that summary judgment was inappropriate because discovery strongly suggested that Colgate was the only manufacturer of liquid fondue fuel in the Chicago area in 1986. The district court, however, noted that, if existing discovery responses supported this theory, Ms. Kalis would not need additional discovery to prove her theory. As well, the district court stated that Ms. Kalis had not explained "why, during that lengthy [discovery] period, she failed to obtain the discovery that she now claims would allow her to demonstrate a triable issue of fact." R.78 at 4. The court also rejected Ms. Kalis' argument that summary judgment should have been denied because Colgate had failed to respond to her discovery requests. It stated: "If plaintiff believed that Colgate failed to comply with discovery, then the time to raise that issue would have been during the pendency of discovery. . . . Such an argument could have been made during the pendency of the summary judgment motion but was not, and therefore will not be considered further on this motion to reconsider." R.78 at 4-5 n.2. The district court concluded that Ms. Kalis had not brought forward any new issues that compelled it to reconsider entry of judgment on behalf of Colgate; the district court therefore denied Ms. Kalis' motion to reconsider.

II
DISCUSSION

  Ms. Kalis claims several errors in the district court's disposition. First, she maintains that the district court abused its discretion in striking Mrs. Kalis' affidavit. Second, she argues the district court erred in ruling on the summary judgment motion in the face of her request for additional discovery. Third, she believes that the district court erred in holding that the absence of the fuel container would constitute an absolute bar to recovery under Illinois law. Finally, she states that the magistrate judge did not have the authority to enter summary judgment. We address each of her contentions in turn.

A.Mrs. Kalis' Affidavit

Ms. Kalis first argues that the affidavit submitted by her mother in support of the motion for additional discovery merely supplements and clarifies prior sworn testimony, and the district court therefore erroneously struck the affidavit as contradicting her mother's prior testimony. We review a district court's decision to strike or disregard parts of an affidavit in opposition to a motion for summary judgment for an abuse of discretion. See Adusumilli v. City of Chicago, 164 F.3d 353, 359 (7th Cir. 1988). "Under this standard, '[d]ecisions that are reasonable, i.e., not arbitrary, will not be questioned. . . .'" Id. (citations omitted).

Here the district court carefully evaluated the answers to the interrogatories as well as the prior deposition testimony of Mrs. Kalis to determine whether there were contradictions between the discovery responses and the affidavit. In her interrogatory answers, Ms. Kalis identified the brand name of the fondue fuel that exploded and injured her as "True Value." During her deposition, Mrs. Kalis disclaimed any knowledge of the manufacturer, shape, or volume of the container for the fuel. She also stated that she could think of nothing that would refresh her recollection concerning the brand name of the fuel. However, in her affidavit, Mrs. Kalis stated that, after viewing photocopies of pictures shown to her by counsel, she "now believe[s] that the product which [she] bought in April 1986 at Millen True Value Hardware in Wilmette, Illinois was Sterno liquid fondue fuel in a container the same as or very similar to the one depicted in the photocopies [her] lawyer showed to [her]." R.49, Ex.C at 2.

"As a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony." Buckner v. Sam's Club, Inc., 75 F.3d 290, 292 (7th Cir. 1996). Consequently, we must determine whether Mrs. Kalis' affidavit contradicts her

prior sworn testimony. In doing so, we find our decision in Buckner v. Sam's Club, Inc. instructive. In Buckner, a plaintiff had stepped on an object which caused her to fall and injure herself; despite a search, the item that caused the fall was never recovered. When deposed, Mrs. Buckner stated that she did not know what the object was, but described it as "something uneven and faulty" and then as a "lump" under her foot. Id. at 292. In a later affidavit in opposition to a motion for summary judgment, however, Mrs. Buckner stated that she stepped on a small object that "'felt to be about the size of a ladies watch, which is one of the types of items that were on the display tables.'" Id. The district court in Buckner excluded the affidavit as a "'clear attempt by plaintiffs to shore up obvious gaps in their prima facie case with phantom evidence' that was contradictory to her sworn deposition testimony." Id. In upholding the district court's ruling, this court noted:

In the context of opposing a motion for summary judgment, and when contrasted with a clear prior statement disclaiming knowledge of the object, this highly specific description appears to be an effort to undo (contradict) the effects of the deposition testimony and thereby establish the missing causal link between the store and the fall. This is certainly a conclusion the district court could have rationally made, which for purposes of our review was not an abuse of discretion.

Id. at 293.


The same is true here. Mrs. Kalis has, from the beginning, disclaimed any knowledge of the manufacturer of the fon due fuel and never was able to identify an object or document that might refresh her memory. However, long after the close of discovery, Mrs. Kalis viewed pictures provided by Ms. Kalis' attorney, those pictures allegedly refreshed her memory, and Mrs. Kalis was then able to state conclusively that "Sterno" was the brand name on the bottle. Like the affidavit presented in Buckner, Mrs. Kalis' affidavit does not function to clarify prior statements, but it "appears to be an effort to undo (contradict) the

effects of the deposition testimony."
Id.; see also Adusumilli, 164 F.3d at 360
(upholding district court's action in
striking affidavit as contradicting prior
testimony where the affidavit reported
incidents of sexual harassment and the
plaintiff previously had testified that
she "[could] not recall any incidents of
harassment in 1992"); Slowiak v. Land
O'Lakes, Inc., 987 F.2d 1293, 1296 (7th
Cir. 1993) (finding a "direct
contradiction" between an antitrust
plaintiff's deposition testimony that "he
could not remember any specific instance
in which he wanted to charge more but
didn't" and his affidavit statement that
"'[i]f Schweigert had not fixed the price
that I had to charge my customers, there
would have been many occasions on which I
would have charged more for many of the
Schweigert products I sold'"). Here, the
district court's application of our
"well-established rule" that affidavits
in conflict with prior sworn testimony
should be disregarded was not an abuse of
discretion. Adusumilli, 164 F.3d at 360.

B. Denial of Motion to Extend Discovery

   Ms. Kalis next argues that the district
court erred in denying her request for
additional discovery before it ruled on
Colgate's summary judgment motion.
Specifically, Ms. Kalis requested that
the district court allow her additional
time for discovery to test her theory
that Millen Hardware Store sold only
Sterno-brand fondue fuel in 1986. She
also requested that the district court
compel Colgate to answer outstanding
discovery requests. "'Our standard
ofreview for the district court's
decision not to allow additional pretrial
discovery is abuse of discretion.'" FDIC
v. American Cas. Co. of Reading, 998 F.2d
404, 407 (7th Cir. 1993) (citing Olive
Can Co. v. Martin, 906 F.2d 1147, 1152
(7th Cir. 1990)).

   Both the timing and substance of the
motion lead us to conclude that the
district court did not abuse its
discretion in denying it. Discovery
closed on February 13, 1998. One month
later, on March 13, 1998, Colgate filed
for summary judgment. By minute entry of
March 24, 1998, the district court
ordered Ms. Kalis to file her answer

brief by May 11, 1998. On June 10, 1998, nearly one month after Ms. Kalis should have filed her answer brief, Ms. Kalis filed her motion to stay briefing and for other relief. Thus, the issue of additional discovery was raised for the first time almost four months after the close of discovery and nearly one month after Ms. Kalis' response to the summary judgment motion should have been filed.

Furthermore, Ms. Kalis did not present any compelling arguments for allowing her to conduct additional discovery. In her motion, Ms. Kalis did not come forward with any reason why the photographs, which had refreshed Mrs. Kalis' recollection and prompted interest in a new factual theory, had not been found or presented earlier. Furthermore, Ms. Kalis did not come forward with any reason why, in the two and one-half years of discovery, she was not able to garner evidence regarding the types of fondue fuel sold at Millen's Hardware Store--a theory that did not depend on Mrs. Kalis' recollection. We cannot fault the district court for denying Ms. Kalis' motion when no effort was made to present the issue to the court in a timely fashion and when no effort was made to explain why the requested discovery could not have taken place within the original discovery period.

Ms. Kalis also intimates that Colgate thwarted her effort to obtain needed information by failing to answer interrogatories and requests for production that she had propounded./5 According to papers filed in the districtcourt, Ms. Kalis claims to have forwarded these discovery requests to Colgate on November 13, 1997. Although she did not receive any responses to these requests, her counsel did not contact Colgate concerning these alleged deficiencies until February 2, 1998, a date that counsel recognized was less than two weeks before the discovery cut off./6 Ms. Kalis did not bring the issue before the district court for another four months when, on June 10, 1998, she filed her motion to stay briefing and for other relief. In the course of her motion, Ms. Kalis' counsel represented that "[t]o plaintiff's attorney's knowledge, this court has not

cutoff fact discovery," R.47 at 5, and requested that the court compel Colgate to answer the discovery served.

The district court took the view that Ms. Kalis' attempt to secure discovery from Colgate was belated. See R.78 at 4-5 n.2. Indeed, Ms. Kalis did not raise the issue until after the close of discovery, after a motion for summary judgment had been filed, after a briefing schedule had been set, and after her time for response had come and gone. We do not believe that the district court abused its discretion in considering the summary judgment motion, without first compelling discovery, when Ms. Kalis had been so lax in asserting her rights. See Brill v. Lante Corp., 119 F.3d 1266, 1269, 1275 (7th Cir. 1997) (holding that district court did not abuse its discretion in entering summary judgment for defendant, despite the defendant's alleged lack of response to plaintiff's discovery requests, where plaintiff filed motion to compel three months after close of discovery and three weeks after motion for summary judgment was filed); cf. JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 51 (1st Cir. 1999) (holding that party could not wait until the eve of trial to contest allegedly deficient discovery requests). In addition to Ms. Kalis' lack of diligence, she failed to comply with the requirements of Federal Rule of Civil Procedure 37 for bringing a motion to compel. Specifically, Rule 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). Ms. Kalis' June 10 motion did not include a Rule 37(a) certification, and, consequently, the district court did not abuse its discretion in denying that motion.

C. Motion to Strike Answers to Requests to Admit

Ms. Kalis also takes issue with the district court's failure to consider her belated answers to Colgate's requests for admissions. As with other discovery matters, we review the district court's

decision on this issue for an abuse of discretion. See American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1119 (5th Cir. 1991).

In November 1997, Colgate served on Ms. Kalis requests that she admit that (1) she did not have any knowledge of the substance of any written representations on the packaging of the product; (2) she had no knowledge of any documentation provided with a container of Sterno fondue fuel used in 1986; (3) she did not possess a photograph of the container of the Sterno fondue fuel that was used in April 1986; and (4) her expert had never examined the container in which the Sterno fondue fuel was contained. Ms. Kalis failed to respond to these requests, and, therefore, according to Rule 36, they were deemed admitted. Seven months later, Ms. Kalis served a response to the requests to admit that incorporated Mrs. Kalis' recent memory concerning the fondue fuel container.

"[T]he proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b) to withdraw admissions." United States v. Kasuboski, 834 F.2d 1345, 1349 (7th Cir. 1987). Federal Rule of Civil Procedure 36(b) provides in relevant part that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b) (emphasis added). Ms. Kalis never filed a motion to withdraw admissions under Rule 36(b), and, therefore, the district court's decision to strike her belated answers to Colgate's requests was not an abuse of discretion.

In sum, the district court did not abuse its discretion in disregarding Mrs. Kalis' affidavit or the belated answers to the requests to admit. It further did not abuse its discretion in denying Ms. Kalis' additional discovery or in declining to compel Colgate to answer discovery requests when those issues were not brought before the court in a timely fashion. Without the additional documents and discovery, Ms. Kalis cannot establish

a connection between Colgate and the product that caused her injuries. Consequently, the district court properly entered summary judgment for Colgate./7

## D. Magistrate Judge's Authority to Enter Summary Judgment

Finally, Ms. Kalis argues that the magistrate judge did not have the authority to enter a summary judgment order. We find this argument completely devoid of merit. All parties signed a consent form that indicated that, in accordance with 28 U.S.C. sec. 636 and Federal Rule of Civil Procedure 73, the magistrate judge may conduct any and all further proceedings, including trial and entry of final judgment. See R.24. Furthermore, the authorizing statute, 28 U.S.C. sec. 636(c), clearly allows a magistrate judge to "conduct any or all proceedings . . . and order the entry of judgment" when all parties have consented./8 Consequently, the magistrate judge had the authority to enter summary judgment.

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

/1 The claims against the other defendants are not at issue in this appeal.

/2 Colgate manufactured Sterno-brand liquid fondue fuel at the time Ms. Kalis suffered her injuries.

/3 Specifically, Ms. Kalis stated:

In May 1998, plaintiff took a rule 30(b)(6) deposition of a COLGATE witness. At that time, COLGATE's attorney indicated that certain written discovery served by plaintiff had not been received by her. A copy of the written discovery had been served on COLGATE in 1997. Another copy was forwarded to COLGATE'S attorney weeks in advance of the deposition. . . . This written discovery should be answered. It is basic discovery concerning the identity of the manufacturer and distributors of the fuel and container. The

rule 30(b)(6) witness produced by COLGATE had not searched COLGATE's records concerning issues in the case, such as the identity of the firm which distributed or sold Sterno in Chicago in 1986. Those records should be searched. The COLGATE rule 30(b)(6) witness identified others who have or may have superior knowledge (to that of the witness) concerning the manufacture and distribution of the fuel.

R.47 at 4.

/4 Specifically, Mrs. Kalis had testified that she could not recall any details about the fuel container (including its shape or its volume) other than its height (8 to 9 inches) and its color (yellow). She also testified that she could not think of anything that would refresh her recollection concerning the fuel container. See R.69 at 7, 10.

/5 In her motion to stay briefing, Ms. Kalis also argued that the Rule 30(b)(6) witness provided by Colgate, James Lau, "had not searched COLGATE's records concerning issues in the case, such as the identity of the firm which distributed or sold Sterno in Chicago in 1986. The records should be searched. The COLGATE rule 30(b)(6) witness identified others who have or may have superior knowledge (to that of the witness) concerning the manufacture and distribution of the fuel." R.47 at 4. Although Ms. Kalis makes vague references in her brief to the knowledge of Colgate's 30(b)(6) witness (or lack thereof), she does not argue that the trial court abused its discretion by failing to grant additional 30(b)(-6) discovery. See Appellant's Br. at 20. Indeed, in the list of errors she assigns to the district court, see Appellant's Br. at 8-9, she does not mention any error with respect to the court's failure to compel the 30(b)(6) witness to familiarize himself with Colgate's records (assuming that they existed). Because Ms. Kalis fails to make a cogent argument on this point, supported by relevant authority, this argument is waived. See United States v. Berkowitz, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

Furthermore, we do not understand Ms. Kalis to be arguing that Colgate intentionally withheld a more knowledgeable witness than that which it produced. As stated above, Ms. Kalis' reference in her brief to other persons named by Mr. Lau in his deposition is not sufficient to escape waiver under our precedent. Additionally, a review of

Mr. Lau's deposition testimony reveals that all the individuals with greater knowledge on the subject matter of the litigation were no longer Colgate employees: a former marketing manager had retired, and the remaining members of the management team had left Colgate when it sold the Sterno line in 1997. See R.74, Ex.F at 60-65. Finally, even if we were convinced that Colgate had withheld a more knowledgeable witness, we could not lay all the blame with Colgate. Rule 30(b)(6) requires that the topics for the deposition be specified with "reasonable particularity." Ms. Kalis' generic Rule 30(b)(6) notice, see R.74, Ex.D, does not meet this standard. See Alexander v. Federal Bureau of Investigation, 188 F.R.D. 111, 114 (D.D.C. 1998) (rejecting notice to depose on "any matters relevant to this case" as not meeting the "reasonable particularity" requirement); see also Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000) ("[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.").

Moreover, even if we did not believe that Ms. Kalis had waived these arguments, we would be reluctant to find that the district court abused its discretion in denying additional Rule 30(b)(-6) testimony. The district court was justified in denying Ms. Kalis' request because she failed to meet her burden under Rule 56(f) for securing additional discovery in the face of a motion for summary judgment. Federal Rule of Civil Procedure 56(f) states:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

"A party seeking the protection of Rule 56(f) must make a good faith showing that it cannot respond to the movant's affidavits. The rule requires the filing of an affidavit stating the reasons for a claimant's inability to submit the necessary material to the court." United States v. All Assets and Equip. of W. Side Bldg. Corp., 58 F.3d 1181, 1190 (7th Cir. 1995) (citations and footnote omitted). Although "[a] court may disregard a failure to formally comply with Rule 56(f)," the opposing party's request for a continuance must "clearly set[ ] out the justifica-

tion for the continuance." Pfeil v. Rogers, 757 F.2d 850, 856 (7th Cir. 1985). "When a party fails to secure discoverable evidence due to his own lack of diligence," the necessary justification is lacking, and "it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information." Id. at 857; see also Farmer v. Brennan, 81 F.3d 1444, 1449 (7th Cir. 1996) ("This Court has noted that the party seeking further time to respond to a summary judgment motion must give an adequate explanation to the court of the reasons why the extension is necessary.").

Ms. Kalis' motion to extend time did not meet these requirements. First, Ms. Kalis' motion was not supported by an affidavit. Second, although Ms. Kalis mentioned in her motion that the Rule 30(b)(6) deposition was taken the month prior, she offered the district court no explanation why the Rule 30(b)(6) deposition was not conducted within the discovery period. In the absence of a reason from Ms. Kalis concerning the delay in the Rule 30(b)(6) deposition, the district court was entitled to conclude that the delay was due to Ms. Kalis' lack of diligence. Consequently, the district court did not abuse its discretion in refusing her additional Rule 30(b)(6) discovery. See Pfeil, 757 F.2d at 857 ("When a party fails to secure discoverable evidence due to his own lack of diligence, it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information.").

Additionally, although a specific time is not stated in the rule, we believe that a party needing additional discovery is under an obligation to bring the issue before the court in an expeditious manner. Here, Ms. Kalis failed to bring her motion to stay briefing and for additional discovery until three months after the motion for summary judgment was filed and the briefing schedule was set and one month after her response was due. Under these circumstances, we cannot fault the district court in denying Ms. Kalis' motion.

/6 Specifically, Ms. Kalis' counsel states: "Please confirm that you will provide answers to discovery and produce a witness at the deposition notwithstanding the discovery cutoff." R.74, Ex.C.

/7 Ms. Kalis also maintains that the district court erred in entering judgment on the alternative ground that, under Illinois law, the absence of the fondue fuel container is an absolute bar to recovery. Because we have upheld the district

court's judgment on the first ground for summary judgment, we have no occasion to reach the alternative ground.

/8 28 U.S.C. sec. 636 provides, in relevant part:

(c) Notwithstanding any provision of law to the contrary--

(1) Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. . . .