**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ELENA ERASMUS,

        Plaintiff-Appellant,

v.

WAL-MART STORES, INC., doing
business as Sam's Club East, a
Delaware corporation; SAM'S EAST,
INC., doing business as Sam's Club
East, a Delaware corporation; SAM'S
WEST, INC., doing business as Sam's
Club West, a Delaware corporation;
BLACK CORPORATION, doing
business as Sam's Club,

        Defendants-Appellees.

No. 01-4005
(D.C. No. 98-CV-778-ST)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **HENRY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Elena Erasmus, a Utah resident, appeals the district court's order granting summary judgment to defendants (hereafter collectively referred to as "Sam's Club") on her claim for personal injuries sustained when she slipped and fell at a Sam's Club warehouse grocery store.  Federal jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332.  Because there is not a reasonable basis in the evidence to show that the food on which Ms. Erasmus claimed to have slipped was on the floor for such a period of time that Sam's Club should have known of it and remedied the matter, we affirm.

We review the grant of summary judgment *de novo*.  *See Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir. 1996).  Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  We review the district court's determinations of state law *de novo*.  *See Salve Regina College v. Russell*, 499 U.S. 225, 231 (1991).

## I.  Background

Ms. Erasmus alleged that she slipped and fell on a piece of food on the floor at Sam's Club warehouse grocery store.  Under Utah law, a store owner cannot be held liable for a patron's injuries caused by a temporary hazard within

the store, such as a slippery substance on the floor, "unless two conditions are met: (A) that [the store owner] had knowledge of the condition, that is, either actual knowledge, or constructive knowledge because the condition had existed long enough that he should have discovered it; and (B) that after such knowledge, sufficient time elapsed that in the exercise of reasonable care he should have remedied it." *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175, 176 (Utah 1975).

It is undisputed that no Sam's Club employee had actual knowledge that there was food on the floor prior to Ms. Erasmus' fall. Ms. Erasmus asserts that there exists an issue of fact, however, about whether the food had been on the floor long enough that Sam's Club should have discovered it. Although she testified in her deposition that she did not know how long the food had been on the floor, Ms. Erasmus later claimed in an affidavit that she estimated the food had been on the floor several hours. Based on this, she contends the food had been on the floor long enough that Sam's Club's employees should have known about the debris and cleaned it up.

The district court disregarded her affidavit, however, concluding that it contradicted Ms. Erasmus' earlier deposition and constituted an attempt to create a sham fact issue. *See Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986). The district court then granted summary judgment in favor of Sam's Club, ruling

that Ms. Erasmus had not met her burden of presenting evidence that would show Sam's Club had constructive knowledge of the food debris or had sufficient time that, in the exercise of reasonable care, it should have remedied the condition.

## II. Analysis

On appeal, Ms. Erasmus contends that the affidavit did not contradict her prior testimony and that the district court should not have disregarded it. She also contends that her affidavit, together with the other evidence she presented, raises a genuine issue of material fact as to whether Sam's Club should have known of the food on the floor in time to prevent her fall.

Ms. Erasmus contends that her deposition statement that she did not *know* how long the food had been on the floor is not inconsistent with her later affidavit statement that she could, nevertheless, *estimate* the amount of time it had been there. In *Franks*, this court held that an affidavit may not be disregarded simply because it conflicts with the affiant's prior sworn statements, but may be disregarded where the court concludes the affidavit "constitutes an attempt to create a sham fact issue." 796 F.2d at 1237. The factors relevant to the existence of a sham fact issue include "whether the affiant was cross-examined during [her] earlier testimony, whether the affiant had access to the pertinent evidence at the time of [her] earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which

the affidavit attempts to explain." *Id*. "Like other evidentiary rulings, we review a district court's decision to exclude evidence at the summary judgment stage [under *Franks* ] for abuse of discretion." *Sports Racing Servs., Inc. v. Sports Car Club of Am., Inc.* , 131 F.3d 874, 894 (10th Cir. 1997).

At her deposition, Ms. Erasmus was asked to describe the food debris. She testified that she was not looking at the floor when she fell and did not see any food on the floor prior to her fall. She stated that she looked at the food after she got up from her fall, then went to get a store manager and saw the debris again for "just seconds" before a store employee wiped the debris up off the floor. Neither party has been able to identify or locate the employee Ms. Erasmus claims wiped the food off the floor. Ms. Erasmus described the food as a two-inch square that "looked like a piece of pizza" because there was "bread and some red stuff on it." Aplt. App. at 35. She said the debris was not spread out along the floor, but was all in "one piece," though it was "squished" and "all mashed up." *Id*. Ms. Erasmus was asked in her deposition if she knew how long the food item had been on the floor, and she responded, "No, I don't." *Id*. at 36.

In its motion for summary judgment, Sam's Club noted the absence of any evidence that its employees had seen any food on the floor prior to the fall and pointed out that Ms. Erasmus did not know how long the debris had been there and had not presented any other evidence indicating how long it had been there.

-5-

In response, Ms. Erasmus submitted her affidavit, signed after the date of the summary judgment motion, stating that, although she did not know how long the food debris had been on the floor, she estimated that it had been on the floor for "several hours" because it was "flattened and appeared to have been stepped on many times," and "was dried up enough to indicate it had been there a long time, much longer than an hour." *Id.* at 76.

Unlike the district court, we are not convinced that Ms. Erasmus' affidavit directly contradicts her deposition. Ms. Erasmus only stated at her deposition that she did not know how long the food had been there; she was not asked to estimate such time. On the other hand, all of the factors relevant to the existence of a sham fact issue support the district court's decision to disregard the affidavit. Ms. Erasmus' counsel was present during the deposition and, thus, there was an opportunity for cross-examination. Her counsel could have asked a follow-up question to ascertain whether she had an estimate of how long the food had been on the floor or if she had any facts upon which to base such an estimate. The new information in the affidavit was not based on any newly discovered evidence; Ms. Erasmus had access to the pertinent information at the time of her deposition.

A closer question is presented as to whether her earlier testimony reflects some confusion which her affidavit simply attempts to explain. While Ms. Erasmus was not asked at her deposition to estimate how long the food had

been there, she was asked to describe the food debris and she was asked numerous questions seeking to probe her description. Thus, it is striking that Ms. Erasmus failed to mention the critical, and highly specific, observations about the food which formed the essential basis of her later claim that she could estimate that it had been on the floor several hours because it "appeared to have been stepped on many times" and was "dried up enough that to indicate it had been there a long time, much longer than an hour." *Id*. at 76. She mentioned neither observation during her deposition.

The discrepancy in this case is comparable to that in *Buckner v. Sam's Club, Inc*., 75 F.3d 290 (7th Cir. 1996). There, the plaintiff alleged she had fallen after slipping on an object which was never recovered. At her deposition, the plaintiff stated that she did not know what the object was, but described it as "something uneven and faulty" and as a "lump" under her foot. *Id*. at 292. Later, in an affidavit submitted in opposition to a summary judgment motion, the plaintiff stated that she stepped on a small object that "felt to be about the size of a ladies watch, which is one of the types of items that were on the display tables." *Id*. In affirming the district court's decision to exclude the affidavit, the Seventh Circuit wrote:

> In the context of opposing a motion for summary judgment, and when contrasted with a clear prior statement disclaiming knowledge of the object, this highly specific description appears to be an effort to undo (contradict) the effects of the deposition testimony and thereby

establish the missing causal link between the store and the fall. This is certainly a conclusion the district court could have rationally made, which for purposes of our review was not an abuse of discretion.

*Id.* at 293.

For the same reasons, we cannot conclude that the district court abused its discretion in disregarding Ms. Erasmus' affidavit. Furthermore, we conclude that even if the district court had considered the affidavit, Ms. Erasmus failed to present sufficient evidence to withstand summary judgment.

Assuming, for the sake of argument, that the food did appear to be dried out and stepped on several times, this evidence constitutes, at best, only a "mere scintilla" of evidence which is insufficient to support a judgment in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Under Utah law, to prevail under a constructive knowledge theory, there must be a reasonable basis in the evidence from which it could be found that the spill existed for a sufficient time for the owner to have known it was present and for him to have had time to remove it. *See Long v. Smith Food King Store*, 531 P.2d 360, 362 (Utah 1973). Here, there is nothing but Ms. Erasmus' unsupported (and self-serving) opinion that the food appeared to have been on the floor for more than an hour. Yet, there is no evidence that any Sam's Club employee or customer saw any food on the floor prior to her fall. *See Koer v. Mayfair Mkts.*,

431 P.2d 566, 569 (Utah 1967) ("We just cannot ignore the fact that the [food] was only seen after the fall occurred.").

Ms. Erasmus speculates that the floor sweepers, who were scheduled to sweep the floor every hour, may not have been on time the day of her fall, or that the sweeper's broom may have "just glided over" the food. Aplt. Opening Br. at 26. Of course, mere speculation, conjecture, or surmise, unsupported by evidence, is insufficient to resist summary judgment. *See, e.g., Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999). Under Utah law, courts will not make tenuous inferences to find constructive knowledge. *See Koer*, 431 P.2d at 569-70 (rejecting inference that store manager must have noticed the food on the floor because he walked down the aisle where plaintiff fell immediately prior to her fall). Ms. Erasmus has produced only a tenuous inference based on her speculative opinion that the food was on the floor for more than an hour, and has produced no evidence that the routine floor sweeps were not performed the day of her fall or that a sweeper just glided over the food.

Thus, even construing the evidence in a light most favorable to Ms. Erasmus, there is no "reasonable basis in the evidence upon which it could be found that [Sam's Club] knew, or in the exercise of due care should have known, that the foreign substance was present for sufficient time that in due care it should

have been removed." *Long*, 531 P.2d at 362.  Accordingly, the judgment of the

United States District Court for the District of Utah is AFFIRMED.


Entered for the Court


Robert H. Henry
Circuit Judge