**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2011[*]
Decided December 9, 2011

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2487

|  |  |
|---|---|
| SHERMAN B. RONES, <br> *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-C-949 |
| BELINDA SCHRUBBE and MARY <br> GORSKE, <br> *Defendants-Appellees*. | Charles N. Clevert, Jr., <br> *Chief Judge*. |

**O R D E R**

Sherman Rones, a Wisconsin inmate, appeals the grant of summary judgment against him in his action under 42 U.S.C. § 1983, claiming that two prison nurses acted with deliberate indifference to his sciatica, a form of lower back and leg pain. We affirm.

Rones told a prison physician about his history of sciatica shortly after entering prison, but he did not report any ongoing sciatica problems until more than seven years later. At that point, he requested a second mattress because of muscle spasms that he

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

attributed to sciatica. This request was denied after he refused to be examined by a nurse. He did not mention sciatica again for nearly four more months, when he showed up in a wheelchair at health services, complaining about pain in his right hip. After receiving over-the-counter pain medication, he walked back to his cell.

Ten days later nurse Mary Gorske followed up with Rones about the hip pain. He says that she acted unprofessionally during this visit; she says, and Rones does not deny, he was so uncooperative that she could not diagnose him properly. She did not give him medication at that visit but instead referred him to a doctor. A few days after the visit with Gorske, Rones asked Belinda Schrubbe, a nurse as well as the health-services manager, for physical therapy and pain medication. Schrubbe reminded him that a doctor was scheduled to assess his medical needs and that he could purchase over-the-counter pain medication from the prison canteen. Within two weeks Rones was examined by a doctor and given pain-relief balm and instructions on hip exercises.

Rones then sued Gorske and Schrubbe, claiming that they denied him medical care necessary to alleviate his sciatica and that they were somehow liable for allowing "untrained officers" to monitor his health and dispense medications. But the district court granted the nurses' motion for summary judgment, concluding that the record shows that the nurses responded to Rones's medical requests "promptly and regularly." The court noted that Rones "contributed to any delay in his treatment" by refusing to cooperate with Gorske. Further, the court pointed out, the nurses were not personally involved in any deprivation of Rones's rights at the hands of correctional officers.

On appeal, Rones asserts that a material issue of fact remains over the nurses' indifference to his medical needs. He faults the district court for accepting at face value the nurses' medical evidence. But once the nurses produced evidence supporting their version of the facts, Rones had the burden of establishing a genuine issue of fact. *See Mosley v. City of Chicago*, 614 F.3d 391, 396 (7th Cir. 2010). He failed to meet that burden because he produced no evidence showing that the nurses knowingly disregarded a serious medical condition. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Ortiz v. Webster*, 655 F.3d 731, 734 (7th Cir. 2011). The district court thus properly decided that the nurses did not treat Rones with deliberate indifference.

Rones also rehashes his argument that the nurses should be liable for failing to adequately monitor the actions of correctional officers, who he says were improperly dispensing medications. But as the district court noted, a defendant is liable in a supervisory capacity under § 1983 only if he knows about alleged wrongdoing and facilitated, approved, or turned a blind eye to it. *See Backes v. Village of Peoria Heights, Ill.*, No. 10-3748,

2011 WL 5505348, at *2 (7th Cir. Nov. 10, 2011); *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). There is no evidence that either nurse is liable under this standard.

Rones's remaining contentions are meritless. He argues that the district court erroneously denied his motion for discovery for failing to comply with Federal Rule of Civil Procedure 37(a)(1), which requires parties seeking to compel discovery to certify that they conferred with the opposing party. Rones says that he satisfied this rule by authorizing release of his medical records. But the district court did not abuse its discretion by finding that Rones did not file a proper certification under Rule 37(a)(1). *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Rones also faults the court for denying his request for counsel. But the court's analysis—observing that Rones's claim is "not overly complex" and that he demonstrated his competence to represent himself—meets the standard set forth in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

AFFIRMED.