Dana R. WALKER, Plaintiff–Appellant,

v.

Dan GLICKMAN, in his official capacity as Secretary, United States Department of Agriculture, Defendant–Appellee.

No. 00–1978.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 25, 2000.

Decided Feb. 27, 2001.

Daniel S. Alcorn (argued), Stoerzbach Morrison Robertson Wilcox & Alcorn, Galesburg, IL, for plaintiff–appellant.

Gerard A. Brost (argued), Office of the U.S. Attorney, Peoria, IL, Jeremy S. Karlin, Stoerzbach Morrison Robertson Wilcox & Alcorn, Galesburg, IL, for defendant–appellee.

Before COFFEY, DIANE P. WOOD, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

Dana R. Walker was denied four positions with the National Resources Conservation Service ("NRCS") of the United States Department of Agriculture. He filed suit alleging that his non-selection was the result of retaliation for filing an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment in favor of NRCS, and we affirm.

## I

Walker was employed with NRCS from 1978 to 1990, when he resigned from his position as a district conservationist and filed a charge of sex discrimination with the EEOC.[1] The parties eventually settled the dispute with Walker agreeing to not seek re-employment with NRCS until January 1, 1997.

On May 22, 1997, Walker mailed a handwritten letter to William Gradle, the Illinois state conservationist, in which Walker stated that he was seeking employment for two job openings in Carthage, Illinois. He informed Gradle of his prior resignation and sex discrimination complaint. He explained that "3 ½ years later [he] accepted a settlement which require[d him] to avoid discussion of the agreement." Gradle sent copies of the letter to all assistant state conservationists, including Robert Dean, the person responsible for the hiring decisions relevant to this lawsuit. Although the exact date that Dean received the letter is unknown, for the purposes of summary judgment, we will assume that he received it before he filled any of the vacant positions.

Dean testified in his deposition that he was looking for a candidate who would be

---

1. It is unclear in the record, but it appears that Walker filed an additional charge in 1992.

a team leader or cheerleader. He also testified that after he reviewed Walker's letter, he felt a need to investigate Walker's prior work history at NRCS. Dean had never before investigated the work histories of former NRCS employees who sought reemployment with the agency. However, he stated that because he had never received a letter like Walker's before, he wanted to find out why Walker resigned and then wanted to return. It is unclear whether Dean actually investigated Walker's employment history with NRCS because Melissa Dunford–Lujan, the Human Resources representative, denied having a conversation with Dean about the details of Walker's personnel file.

### 1. Position #1: District Conservationist in Carthage

The first position that Walker applied for was a district conservationist in Carthage, Illinois. NRCS advertised this vacancy on May 13, 1997. In order to fill the vacancy, Dean obtained a list of eligible candidates from Human Resources. Human Resources selected qualified candidates from individuals who applied through the Merit Promotion System ("MPS"), which contained names of current and former NRCS employees. There were three eligible candidates on the list: Walker, Lori Bollin and Stuart Lomax. Dean composed a matrix and ranked each of the candidates on various factors, including experience, knowledge of NRCS practice and programs, computer skills, past performance reviews, and written expression. Bollin received the highest mark on the matrix and was offered the position.

### 2. Position #2: Soil Conservationist in Carthage

The second position that Walker applied for was a soil conservationist, an entry-level position, in Carthage. NRCS advertised this vacancy on May 19, 1997. Dean requested a list from Human Resources and from the Special Examining Unit, which has since been replaced by the United States Office of Personnel Management ("OPM"). Walker and Lomax were the only two candidates on the list that Dean received from Human Resources. Dean testified that he rejected the panel because he was required to do so when it contained fewer than three names. At his deposition, Dean adamantly denied ever hiring from a panel of fewer than three candidates. In fact, however, NRCS's rules did not require Dean to reject the panel (they only allowed him to do so), and in the past, Dean had hired a candidate from a list with fewer than three names.

In any event, Dean testified that because he wanted a broader panel from which to select, and had never received the first list from the Special Examining Unit, he re-advertised the position through the OPM. Unlike the list from the MPS, the OPM list is comprised of non-NRCS employees and current and former NRCS employees. According to NRCS, it always advertised entry level positions through the OPM. Dean told Human Resources to inform Walker and Lomax how to apply through the OPM, and it is undisputed that Human Resources did so. Nevertheless, when the soil conservationist opening was re-advertised through the OPM in September, 1997, Walker did not apply. Consequently, Walker was not on the list of candidates that Dean used to fill the vacancy.

### 3. Position #3: District Conservationist in Stronghurst

On August 22, 1997, NRCS announced a vacancy for a district conservationist in Stronghurst, Illinois. Around this time, the acting district conservationist in Stronghurst, who did not know Walker, asked Dean to hire a soil conservation technician instead of a district conservationist. Dean told her that he needed approval from the local county boards before he would do so.

In the meantime, Dean obtained a list of qualified individuals from Human Re-

sources. This time, Walker was the only candidate on the list. Dean again erroneously testified that he rejected the panel because he thought he was required to do so when there were fewer than three candidates on the list. After rejecting the panel, Dean contacted the acting district conservationist to see if she had obtained approval from the boards to reclassify the position. After obtaining the boards' approvals, Dean reclassified the position to a soil conservation technician and advertised it through the OPM. Walker did not apply through the OPM, so he was not on the list that Dean used to fill the vacancy.

#### 4. Position #4: Second Soil Conservationist in Carthage

The fourth position at issue, a second soil conservationist in Carthage, was advertised in November, 1997. Dean did not request a panel from Human Resources, and Walker was not on the list that Dean requested from the OPM because Walker did not apply for this position through the OPM. Walker, nevertheless, argues that Dean should have informed him of the vacancy because Dean should have known that Walker was interested.

### II

■ On appeal, Walker challenges three findings of the district court: 1) that he did not present direct evidence of retaliation; 2) that he could not establish a prima facie case of retaliation because there was no causal link between the protected expression and the failure to be hired; and 3) that even if he could make out a prima facie case, he could not establish that NRCS's reasons for not hiring him were a pretext for retaliation. We review a grant of summary judgment *de novo*, drawing all inferences in the light most favorable to the non-moving party. *Essex v. United Parcel Serv., Inc.*, 111 F.3d 1304, 1308 (7th Cir.1997).

### A

■ Title VII prohibits an employer from discriminating "against any ... applicants for employment ... because [an applicant] has opposed any practice made an unlawful employment practice by [Title VII], or because [the applicant] has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). A plaintiff may establish a violation of Title VII under the direct-proof method if he can offer direct or circumstantial evidence of discrimination. *Debs v. Northeastern Illinois Univ.*, 153 F.3d 390, 395 (7th Cir.1998). We have held that:

> Direct evidence is evidence which if believed by the trier of fact, will prove the particular fact in question without reliance on inference or presumption. If the evidence consists of isolated statements, those statements should be causally related to the ... decision making process, for direct evidence relate[s] to the motivation of the decisionmaker responsible for the contested decision. Remarks and other evidence that reflect a propensity by the decisionmaker to evaluate employees based on illegal criteria will suffice as direct evidence of discrimination even if the evidence stops short of a virtual admission of illegality.

*Miller v. Borden, Inc.*, 168 F.3d 308, 312 (7th Cir.1999) (internal quotation marks and citations omitted).

Walker submits that he has three pieces of "direct" evidence of retaliation: 1) Dean's testimony that Walker's letter made him want to investigate Walker's work history at NRCS; 2) Dean's testimony that he wanted to hire a team leader or cheerleader; and 3) the conflict between Dean's testimony that he had a conversation with Dunford–Lujan regarding Walker's dedication to the agency, and Dunford–Lujan's testimony that no such conversation occurred.

■ Viewed in the light most favorable to Walker, the evidence simply does not support a finding of retaliatory animus. First, Dean specifically stated that the reason why he wanted to review Walker's personnel file was because of Walker's reference to his resignation in the letter and not because of the former sex discrimination charge. Although Dean normally did not want to review the personnel files of former NRCS employees who sought re-employment with the agency, Dean stated that he had never before received a letter like Walker's.[2] Second, Dean's desire to hire a team leader or cheerleader is not necessarily inappropriate in light of the small size of the offices, the leadership role that the district conservationist plays, and the close interaction between the district conservationist and soil conservationist.

Third, the conflict between Dean's and Dunford–Lujan's testimony is also unhelpful. Irrespective of whether the conversation occurred, the resignation statement in the letter is what gave Dean concern over Walker's dedication to the agency. Either Dean called Dunford–Lujan and had his suspicions confirmed or he did not call her and his suspicions remained unconfirmed. Under either scenario, it was Walker's resignation that created the problem and not the information (or lack thereof) given by Dunford–Lujan.

Walker's argument is further undermined by the fact that Dean treated Walker's application just like he did the other candidates' for the district conservationist and soil conservationist vacancies. For example, when Dean created the matrix evaluating the candidates for the first position, he examined the past NRCS performance reviews of Bollin, and Lomax, too, and when he rejected the panel for the second position, he rejected Lomax's application as well.

In sum, this evidence falls far short of demonstrating an intent to retaliate without reliance on inference or presumption.

Accordingly, the district court properly found that Walker failed to present direct evidence of retaliation.

B

■ Dean's second and third arguments challenge the district court's finding that he could not prove his case under the indirect-proof method. Under this method, a plaintiff must first establish a prima facie case of retaliation. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Adusumilli v. City of Chicago*, 164 F.3d 353, 362 (7th Cir.1998) (applying the burden-shifting method in a retaliation case). Once the plaintiff does so, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. *Adusumilli*, 164 F.3d at 362. If the employer satisfies its burden, the burden shifts back to the plaintiff to prove that the proffered reason was pretextual. *Id.*

■ Even if Walker could establish a prima facie case of retaliation, summary judgment in favor of NRCS would still be appropriate because Walker has not demonstrated that NRCS's proffered reasons for not rehiring him were pretextual. *See Essex*, 111 F.3d at 1309 (proceeding to the dispositive issue of pretext without deciding if the plaintiff established a prima facie case). A plaintiff can establish pretext with evidence suggesting that retaliation was the most likely motive for the failure to hire, or by showing that the defendant's proffered reason was not worthy of belief. *Sanchez v. Henderson*, 188 F.3d 740, 746 (7th Cir.1999); *Essex*, 111 F.3d at 1310. Walker relies on the latter avenue.

■ Because NRCS offered different reasons for each hiring decision, we will analyze each one in turn. As for the first position, the district conservationist in Carthage, NRCS proffered that it did not hire Walker because he was not the most qualified candidate. Every mark on the

---

**2.** The record does not indicate the nature of the positions, i.e., leadership or support staff, for which the other former NRCS employees applied.

matrix that Dean gave a candidate was supported by legitimate criteria (*i.e.*, experience, knowledge of computers, past performance reviews, written composition, etc.). The fact that one of the components was subjective is not fatal, *see Heerdink v. Amoco Oil Co.*, 919 F.2d 1256, 1260 (7th Cir.1990), especially, where as here, Dean ranked all of the candidates low on that component. Walker simply did not receive the highest score on the matrix, and the court's role is not to determine whether NRCS's decision was right, but whether Walker presented sufficient evidence that NRCS's reason was a lie for the action it took. *See Russell v. Acme–Evans Co.*, 51 F.3d 64, 68 (7th Cir.1995). Walker has failed to do so here.

As for the fourth position, the second soil conservationist position in Carthage, NRCS articulated that it did not hire Walker because Walker did not apply. Realizing this obstacle, Walker argues that Dean's failure to contact him about the opening demonstrates pretext because Dean should have known that Walker was interested. We disagree. Although nothing prohibited Dean from contacting Walker on his own, there is nothing in the record to support a finding that Dean had a duty to notify Walker of a job vacancy, particularly because the information was readily ascertainable by Walker. Dean could have just believed that Walker's failure to apply was due to a non-interest in the position.

Walker comes closer to establishing pretext with regard to the second and third positions. Dean testified that he did not hire Walker for either the first soil conservationist opening in Carthage or the district conservationist in Stronghurst because he was required to reject a panel with fewer than three candidates. Walker has demonstrated that NRCS did not require Dean to do so. But, even if we find this reason to be a lie, the pretext analysis does not end here because NRCS also proffered other reasons for not hiring Walker. *See, e.g., Russell*, 51 F.3d at 69 (holding that the fact that one reason is successfully called into question by the plaintiff does not defeat summary judgment for the employer if at least one reason for the employer's actions stands unquestioned).

For the second position, the soil conservationist, NRCS also stated that it did not hire Walker because Dean wanted a broader panel to choose from and had never received the list that he originally requested from the OPM. The most telling evidence of lack of retaliation is that Dean rejected the entire panel, not just Walker's application, and told Human Resources to inform Walker that the position would be re–advertised through the OPM. Walker does not deny that he was so informed. If the actual reason for Dean's failure to hire Walker was retaliation, Dean would not have taken these actions.

As for the third position, the district conservationist in Stronghurst, NRCS also stated that it did not hire Walker because Walker was not the best candidate based on Dean's evaluation of him for the first position (the district conservationist in Carthage), and that the position was subsequently reclassified to a soil technician at the insistence of the acting district conservationist in Stronghurst and the boards of the local counties. Neither the acting district conservationist nor the members of the boards knew of Walker. And, the acting district conservationist approached Dean about hiring a soil conservationist before Dean made the decision to reject the panel.

Accordingly, Walker has failed to present evidence sufficient to find that NRCS's reasons for failing to hire him for any of the four positions was a pretext for retaliation. Consequently, summary judgment in favor of NRCS was appropriate.

### III

For the foregoing reasons, the judgment of the district court is AFFIRMED.