**Lynn PULLIAM, Plaintiff–Appellant,**

v.

**ZIMMER, INC., Defendant–Appellee.**

No. 00–3555.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 17, 2001.*

Decided Aug. 17, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, EVANS, Circuit Judges.

### ORDER

Lynn Pulliam sued his employer, Zimmer, Inc., for race and age discrimination and retaliation after Zimmer failed to promote him and failed to set his salary at the level he believes is appropriate. The district court granted summary judgment to Zimmer, concluding that Pulliam failed to set forth evidence that Zimmer discriminated or retaliated against him. Pulliam appeals, and we affirm.

Pulliam, an African American, began working for Zimmer in 1984 and has held numerous positions in the company. In 1990 Pulliam received his MBA with the help of a Zimmer benefit program. In 1993 Pulliam filed a charge of discrimination with the EEOC after being turned down for several promotions. He and Zimmer settled this charge in 1996 after Zimmer agreed to promote him to the position of Senior Production Planner/Scheduler in Zimmer's Knee Administration Department. Notwithstanding his promotion, Pulliam applied for several other positions at Zimmer in 1996 and early 1997, but was again not hired for any of them.

In February 1997 Pulliam (along with 15 or 20 other Zimmer employees) was assigned to the SAP Task Force, a management inventory control system that Zimmer was developing. Pulliam's previous duties were assigned to other employees after he was placed on the task force. In May 1997 Zimmer abandoned the SAP task force and had to reassign all of the task force's employees to other positions. Although Pulliam's previous tasks had been reassigned, he was allowed to return

to the Knee Administration Department. He was given a temporary position and handled several short-term projects while a permanent position was found for him.

In August 1997 Pulliam filed another EEOC complaint alleging that Zimmer discriminated against him by, among other things, failing to promote him. Around that time, Zimmer underwent a reorganization in which numerous employees lost their jobs. Although Pulliam was working only in a temporary position, he was not laid off but was instead assigned to Zimmer's newly-created Validation Department. In September he was placed in his current position of Senior Engineer Validation which is compensated at pay level D–V, the same level as Pulliam's previous position in the Knee Administration Department. Two white employees were also assigned to the Validation Department with Pulliam. They were both placed in the position of Principal Engineer, which is compensated at pay level D–VI (the same pay level as their previous positions). Consequently, Pulliam filed another EEOC complaint in September regarding his placement as a Senior Engineer in pay level D–V, alleging retaliation for having filed the earlier complaint in August.

After receiving right-to-sue letters, in February 1999 Pulliam filed suit against Zimmer, alleging that it discriminated against him on the basis of his age and race in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act by failing to promote him and by assigning him to an improper pay level and job position. Pulliam also alleged that Zimmer retaliated against him in violation of Title VII for filing a charge of discrimination with the EEOC. The district court granted summary judgment to Zimmer, concluding that Pulliam failed to show that other younger, non-African Americans were treated differently from him or that there was any causal link between his filing an EEOC charge and the adverse employment actions taken against him. Pulliam appeals.

We review the district court's grant of summary judgment *de novo,* construing the record in a light most favorable to Pulliam and drawing all reasonable inferences in his favor. *Paluck v. Gooding Rubber Co.,* 221 F.3d 1003, 1009 (7th Cir. 2000). Preliminarily, we note that while Pulliam pursued causes of action for retaliation, race discrimination, and age discrimination in the district court, he focuses only on the retaliation claim on appeal. Pulliam has therefore waived any argument with respect to his age and race discrimination claims. Fed. R.App. P. 28(a)(9); *United States v. Hook,* 195 F.3d 299, 309–10 (7th Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1707, 146 L.Ed.2d 510 (2000).

With respect to his retaliation claim, Pulliam asserts on appeal that Zimmer retaliated against him when it placed him at pay level D–V instead of D–VI when he was transferred to the Validation Department in 1997. Specifically, he argues that the district court erred in finding that he failed to set forth a *prima facie* case of retaliation because he did not establish a causal link between his filing of EEOC charges and his being placed at the D–V salary level. Because Pulliam presented no direct evidence of discrimination in the district court, we analyze his claim under the burden-shifting scheme of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under *McDonnell Douglas,* Pulliam must first establish a *prima facie* retaliation claim. *Id.* at 802; *Walker v. Glickman,* 241 F.3d 884, 889 (7th Cir.2001). If he does so, the burden shifts to Zimmer to articulate a legitimate, nondiscriminatory decision for its employment decision. *McDonnell*

*Douglas,* 411 U.S. at 802; *Walker,* 241 F.3d at 889. If Zimmer satisfies its burden, then the burden shifts back to Pulliam to prove that the proffered reason was pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804; *Walker,* 241 F.3d at 889.

■ To establish a *prima facie* case of retaliation, Pulliam needed to set forth facts showing that 1) he participated in a protected activity under Title VII; 2) he suffered an adverse employment action; and 3) there was a causal link between the protected activity and the adverse employment action. *Basith v. Cook County,* 241 F.3d 919, 933 (7th Cir.2001). The district court concluded that Pulliam established the first two elements: he filed several EEOC charges, which are protected activities, and suffered an adverse employment action when he was placed at an allegedly inappropriate pay level. The parties dispute, however, whether Pulliam raised a genuine issue of material fact regarding the causal link between Pulliam's filing EEOC charges and his non-promotion.

■ To show a causal link, Pulliam needs to present evidence that Zimmer would have placed him at the D–VI pay level but for the EEOC charges he filed. *See Basith,* 241 F.3d at 933. Pulliam attempts to do so by arguing that the individuals who decided to place him at that level, Jeff Edmond and Greg Rauen, knew that he had filed the EEOC charges. But Pulliam failed to present evidence that Edmond or Rauen knew about his EEOC complaints *before* the decision was made to place him at level D–V. Indeed, Pulliam asserts that he informed Edmond of his EEOC charge in October 1997, *after* he was assigned to the validation department (and placed at pay level D–V) in September 1997. Pulliam also asserts that another Zimmer employee, Jim Radzewicz, knew about his EEOC charges and must have informed Rauen and Edmond of those charges before September 1997; again, however, he presents no evidence to support his claim. Because Pulliam did not raise an issue of fact regarding whether Edmond or Rauen knew about his EEOC charge before they decided to place him at pay level D–V, he has not shown any causal connection between the charge and his salary level and has failed to establish a *prima facie* case of discrimination. *See Dey v. Colt Const. & Dev. Co.,* 28 F.3d 1446, 1458 (7th Cir.1994).

■ Moreover, even had Pulliam established a *prima facie* case of retaliation, his claim still fails because he did not demonstrate that Zimmer's proffered reason for not placing him at level D–VI was pretext for discrimination. Zimmer provided a legitimate reason for not placing Pulliam at the D–VI pay level-he did not have the necessary qualifications (experience with various technical aspects relating to the use of certain engineering tools) to be a Principal Engineer, the level D–VI position. In response, Pulliam argues that he was in fact qualified for the Principal Engineer position, relying principally on his performance evaluations from Zimmer.

Pulliam's argument misses the mark. While his evaluations show that he was performing his assigned tasks as a planner/ scheduler well at the time he was evaluated, they do not show that he had the necessary experience or qualifications for the position of Principal Engineer. Pulliam provides only his own interpretation of various employment evaluations and training transcripts from Zimmer to show that he was qualified for, and should have been placed in, level D–VI. These unsupported allegations regarding his qualifications, however, do not present a genuine issue of material fact. *Jordan v. Summers,* 205 F.3d 337, 343–44 (7th Cir. 2000). We do not sit as a super-personnel department that weighs the prudence of an

employer's decisions; our only concern is whether the employer's proffered reasons for its actions were honest. *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 984 (7th Cir.2001). Because Pulliam failed to raise an issue of fact regarding whether Zimmer's proffered reason for placing him in the D–V pay level was a lie, summary judgment was properly granted to Zimmer.

■ Pulliam raises several other issues that require little discussion. First, he argues that the district court erred by refusing to allow him to amend his response to Zimmer's motion for summary judgment or to file a surreply. The district court has discretion whether to allow amended or surreply briefs to be filed. *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F.3d 427, 439 (7th Cir.1999), *cert. denied,* 528 U.S. 1188, 120 S.Ct. 1241, 146 L.Ed.2d 100 (2000); *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1163–64 (10th Cir.1998). The court did not abuse its discretion here, where Pulliam's proposed briefs merely rehashed arguments he had made earlier or raised issues that could and should have been presented in his original response to Zimmer's motion. Pulliam also asserts that the district court erred by denying his motion to compel production of documents, a motion he filed after briefing was complete on Zimmer's motion for summary judgment. Given the timing of the motion to compel, and the fact that Pulliam offered no reason for why it was filed so late in the litigation, the district court did not abuse its discretion by denying the motion. *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1056–57 (7th Cir.2000). Pulliam last asserts that the district court's denial of these motions deprived him of his due process rights. Strict adherence to deadlines by the dis-

trict court, however, does not amount to a denial of a litigant's due process rights. *Harris v. Owens–Corning Fiberglas Corp.,* 102 F.3d 1429, 1433 (7th Cir.1996).

For the foregoing reasons, we AFFIRM the judgment of the district court.