Syed M.A. HASAN, Petitioner,

v.

UNITED STATES DEPARTMENT
OF LABOR, Respondent,

Exelon Generation Company, LLC.,
Intervening Respondent.

No. 01–1130, 01–1131, 01–2177.

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 2002.*

Decided March 19, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before WOOD, Jr., ROVNER, EVANS, Circuit Judges.

## ORDER

Syed Hasan appeals pro se from the dismissal of five separate claims of discrimination that he filed against Commonwealth Edison, Company (ComEd) under the Energy Reorganization Act, 42 U.S.C. § 5851. Section 211 of the Energy Reorganization Act prohibits employers licensed by the Nuclear Regulatory Commission, such as ComEd, from discriminating against an employee who raises a concern that the employer has violated nuclear regulatory requirements. The Department of Labor adjudicates all discrimination claims that allege a violation of the ERA. Because the Department of Labor's Administrative Review Board (Board) properly dismissed all of Hasan's complaints, we affirm.

In 1998 ComEd contacted the Estes Group, Inc., a supplier of temporary workers in the nuclear power industry, to provide approximately three hundred engineers and other employees to work at ComEd's nuclear plant in LaSalle County, Illinois.[1] ComEd requested the employees for a specific project; it intended to restart the LaSalle plant's "Unit 2" area, which had been on an "extended outage" since 1996. Hasan, a structural engineer, was among those employees sent by Estes Group to work on the LaSalle project. He began working there on November 9, 1998.

In January 1999 Hasan noticed that a safety problem existed with respect to the type of connection being used between the pipe supports in Unit 2. Hasan's concern was the pipe supports currently had a "hinged" connection, and he believed that a "fixed" connection was required. Hasan first reported his concern verbally to his supervisors and later submitted a written "Problem Identification Form" to management. The LaSalle plant's "Site Vice President," Jeffrey Benjamin, met with Hasan and discussed these safety concerns. ComEd then began the process of correcting the safety problem. Throughout the correction process, ComEd managers consulted Hasan as they created a plan to repair the problem and regularly updated him on the status of the improvements. In early March, Hasan learned that his last day at the LaSalle plant, as well as the last day for all five contract engineers in his work group, would be March 26, 1999.

Immediately following his last day of work, Hasan filed a complaint with the Occupational Safety and Health Administration (OSHA), alleging that he was terminated because two months earlier he had raised a safety concern regarding ComEd's pipe support connections. OSHA investigated Hasan's complaint and found it to be meritless. He then requested a hearing before an Administrative Law Judge (ALJ), but the ALJ dismissed his complaint after concluding that Hasan presented no evidence linking his termination to the safety concern he had raised. Hasan appealed to the Board. After reviewing the evidence, the Board agreed with the ALJ that Hasan had failed to demonstrate any connection between the safety concern that he raised and the ending of his temporary position.

On April 11, 1999, ComEd successfully restarted Unit 2 at the LaSalle plant. Ten days later, ComEd again contacted Estes Group with a request for employees. This

---

1. Operation of the LaSalle plant has since been taken over by Exelon Generation Corporation, L.L.C., which has filed a brief as an intervenor in this case. Estes Group, Inc., has also joined this appeal as a second intervenor-respondent, but on January 25, 2002, this court stayed this appeal with respect to Estes Group.

time, ComEd requested by name a specific engineer who had extensive experience as a project director and requested a second employee to fill the position of a scheduler analyst. ComEd maintains that Hasan was not qualified for either of these positions, and he does not seriously dispute that assertion.

While his first complaint was being reviewed by the Board in October 1999, Hasan filed with OSHA a second complaint against the defendants. In his second complaint, Hasan alleged that ComEd and Estes Group violated the Energy Reorganization Act by failing to employ him beyond March 1999 because he had raised a safety concern in January. OSHA found Hasan's second complaint to be meritless, and Hasan sought review before an ALJ. The defendants moved for dismissal. Without holding a hearing, the ALJ determined that Hasan had not alleged sufficient facts to state a claim of discriminatory failure-to-hire. *See* 42 U.S.C. § 5851(b)(3)(A). The Board reviewed the ALJ's decision and concluded that Hasan had failed to establish that the defendants had any positions available for which he was qualified.

Between September and November 1999, Hasan repeatedly submitted his resume and cover letter to both ComEd and Estes seeking consideration for any available openings. The record does not indicate that either company responded to Hasan's submissions. Undaunted, in November 1999 Hasan filed with OSHA a third complaint, in which he renewed his claim under the ERA that ComEd refused to hire him because of his safety warning. Two weeks later, Hasan filed a fourth complaint repeating the allegations in his third complaint. That same day, Hasan also filed a fifth complaint, which accused ComEd and an engineering firm involved in the Unit 2 project, Raytheon Engineers

and Constructors, of illegally failing to rehire him. OSHA found that all three complaints lacked merit, and the cases were referred jointly to an ALJ for disposition. The ALJ adjudicated each case separately and found that Hasan failed to allege facts sufficient to establish a prima facie case of failure-to-hire. In separate orders, the ALJ recommended that all three complaints be dismissed for failure to state a claim. In a single order, the Board concurred with the ALJ's analysis and dismissed the cases.

Although Hasan appealed each decision of the Board separately, his appeals have been consolidated for review, and thus we address here all of Hasan's complaints. We may overturn the Board's decisions only if they are "unsupported by substantial evidence, or if [they are] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See Kahn v. United States Sec'y of Labor,* 64 F.3d 271, 276 (7th Cir.1995) (citing 5 U.S.C. § 706(2)(A), (E)).

■ On appeal Hasan first argues that the Board erred in concluding that he had failed to show any connection between the safety concern that he raised in January 1999 and his termination three months later. Hasan maintains that he did establish the necessary linkage but now baldly asserts that the defendants' witnesses and their attorney "lied at the hearing to deceive the ALJ." But Hasan offers no factual support for his assertion nor does he allude to any misrepresentations or false statements that the defendants supposedly made to the ALJ. And even if Hasan had provided more specific allegations of deceit, he still failed to demonstrate that his raising a safety concern was a contributing factor in the defendants' decision to end his employment. *See* 42 U.S.C. § 5851(b)(3)(A) ("Secretary shall dismiss a complaint ...unless the complainant has

made a prima facie showing that any [protected] behavior ... was a contributing factor in the unfavorable personnel action alleged in the complaint."). Therefore, the Board's decision to dismiss Hasan's first complaint was entirely proper.

Moreover, the Board's dismissal is supported by substantial evidence because ComEd demonstrated that Hasan's termination would have occurred even if he had not raised a safety concern. *See* 42 U.S.C. § 5851(a)(3)(D) ("Relief may not be ordered ... if the employer demonstrated by clear and convincing evidence that it would have taken the same unfavorable personnel action in the absence of such behavior."); *see also Kahn,* 64 F.3d at 278. ComEd demonstrated that the scheduled termination of Hasan's temporary employment had always been linked to the completion of the Unit 2 project and that Hasan knew about the temporary nature of his employment from the beginning of his assignment at the LaSalle plant. Consistent with the notion that Hasan's position was temporary, ComEd also provided testimony from one of Hasan's supervisors, Frank Gogliotti, who confirmed that the work for engineers in Hasan's group was sparse in March 1999 as the Unit 2 project neared completion. Substantial evidence therefore supports the Board's dismissal.

Furthermore, even if Hasan had been able to demonstrate a prima facie case of retaliation, ComEd offered a legitimate, non-discriminatory reason for his termination—the completion of the project for which he was hired. Therefore, the burden shifted to Hasan to show that ComEd's reason for his termination was pretextual. *See Walker v. Glickman,* 241 F.3d 884, 889 (7th Cir.2001). But Hasan offered no convincing evidence that ComEd's reason for his termination was not truthful, *see id.,* and therefore, substantial evidence supports the Board's dismissal of Hasan's complaint.

With respect to his failure-to-hire claim, Hasan seemingly argues that the Board should not have accepted the ALJ's decision to deny his request to conduct full discovery before dismissing his third, fourth, and fifth complaints. Hasan's brief is not entirely clear, but he seems to suggest that before the ALJ recommended dismissal of his complaints, Hasan should have been allowed access to the defendants' records in order to determine when certain employment positions became available and whom the defendants hired for those positions.

But as the ALJ noted, Hasan's complaint did not establish a claim of failure-to-hire, and his vague discovery request was nothing more than a "fishing expedition" that Hasan sought to use to uncover any evidence of discrimination by the defendants. The ALJ also commented that Hasan did not identify any information about specific time periods or positions that he sought from the defendants' records. Hasan apparently hoped the ALJ would require the defendants to open all of their employment records so that he could hunt for evidence to support his allegations. But as the ALJ documented, Hasan already had been afforded extensive discovery of the defendants' records during the adjudication of his first two complaints, and he had failed to show that his latest discovery request would likely produce new information crucial to his failure-to-hire complaints. Because Hasan presented only a general request for discovery, the Board did not err in accepting the ALJ's decision to deny Hasan further discovery.

Accordingly, the judgment of the Board is AFFIRMED.