NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008[*]
Decided December 10, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3541

| | |
|---|---|
| SYED M. A. HASAN, | Petition for Review of an Order of the |
| *Petitioner*, | Administrative Review Board. |
| | |
| *v.* | No. 05-099 |
| | |
| UNITED STATES DEPARTMENT OF | |
| LABOR, | |
| *Respondent*. | |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

This is the latest of a flood of complaints Syed Hasan has filed against various engineering firms and other companies that have rejected his employment applications. This time Hasan has charged that Sargent & Lundy, an engineering consulting firm, failed to hire him in 2002 in retaliation for his raising safety concerns at a nuclear facility. An administrative law judge thought that the case should be dismissed under the doctrine of issue preclusion, and the Department of Labor's Administrative Review Board agreed. We deny Hasan's petition for review.

In the fall of 1998 Commonwealth Edison hired Hasan as an independent consultant on a temporary project at one of its nuclear power plants. Hasan was responsible, among other things, for reviewing some of the work that Sargent & Lundy had performed for ComEd. Hasan identified calculations he believed were incorrect and would jeopardize the safety of the facility, and he reported his concerns to ComEd and later to the Nuclear Regulatory Commission. Sargent & Lundy angered Hasan by disagreeing with his assessment; he in turn mocked its engineers by labeling them "cheats, liars, and incompetents" who were involved in a "cover-up." Ultimately the Commission's investigation uncovered only two minor violations, but Hasan continued to openly criticize the firm and its work.

Hasan's consulting job on the ComEd project ended in March 1999, and throughout that year he submitted his resume to Sargent & Lundy at least six times. The firm did not hire him. And in December 1999 it decided that it would never hire him. The firm based this decision not only on Hasan's qualifications—he had been largely unemployed since 1994 and the firm did not believe he had the requisite skills to do the job—but also on his temperament. Sargent & Lundy employees who worked closely with Hasan on the ComEd project and who had interviewed him for a job in 1997 reported that Hasan was difficult to work with, obstinate, and inflexible. Furthermore, top management at the firm concluded that Hasan, who had consistently maligned the firm and its work, could not adequately represent the firm to its clients.

In November 1999 Hasan filed a complaint with the Occupational Safety and Health Administration, claiming that Sargent & Lundy illegally failed to hire him because he was a whistleblower. OSHA investigated Hasan's allegations, which it found meritless. Hasan later amended his complaint to include a claim that Sargent & Lundy impermissibly decided never to hire him. After a hearing, an ALJ found, however, that Sargent & Lundy had "legitimate" and "nondiscriminatory" reasons for not hiring Hasan in 1999 and for concluding that it would never hire him, and recommended dismissal of the complaint. The ARB agreed with the recommendation, and we denied Hasan's petition for review. *See Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001 (7th Cir. 2005).

In the meantime, Hasan reapplied in 2002 for a job with Sargent & Lundy, which once again rejected his application. He filed yet another complaint with OSHA, which again found that Sargent & Lundy had not based its decision on a retaliatory motive. A different ALJ held the case in abeyance pending the outcome of the first dispute. After that dispute was decided, the ALJ dismissed the complaint, concluding that issue preclusion barred relitigation of the firm's continuing rejection of Hasan's employment applications. The ARB, adopting the ALJ's reasoning, upheld the determination.

Hasan now petitions for review. But his 68-page, rambling brief does not identify any errors in the ARB's reasoning; it merely restates the same arguments that he has advanced throughout the proceedings.

We agree with the ARB that issue preclusion prevents Hasan from pressing his claim. The doctrine of issue preclusion prevents relitigation of an issue that has actually been decided in an earlier proceeding, *see Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008); *King v. Burlington N. & Santa Fe Ry. Co.*, 538 F.3d 814, 818 (7th Cir. 2008), and it applies to final decisions of administrative tribunals, *see Univ. of Tenn. v. Elliott*, 478 U.S. 788, 797-98 (1986); *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005). A determination is entitled to preclusive effect if the issue is the same as in a prior case, was actually litigated, and was essential to the final judgment, and if the party being precluded had a full opportunity to litigate the issue. *See H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 761 (7th Cir. 2007); *accord In re Chao*, No. 02-067, 2004 WL 2205227, at * 4 (DOL Admin. Rev. Bd. 2004). The issue whether Sargent & Lundy could refuse to hire Hasan for every job he applied for was fully litigated by the parties and resolved in 2002. This central issue was contested at the hearing before the ALJ, who concluded that Sargent & Lundy's employment decision did not relate to the safety concerns Hasan raised on the ComEd project. The recommendation was accepted by the ARB and upheld by this court. Hasan had a full opportunity to contest this issue and is entitled to no more.

Hasan has filed at least a dozen similar complaints that have been adjudged meritless by the ARB and courts of appeal. *See, e.g.*, *Hasan v. Sec'y of Labor*, No. 03-1981, 2004 WL 574520 (1st Cir. Mar. 24, 2004); *Hasan v. U.S. Dep't of Labor*, No. 03-1852, 2004 WL 1539635 (4th Cir. July 9, 2004); *Hasan v. U..S. Dep't of Labor*, No. 03-15469, 2004 WL 1121580 (11th Cir. May 11, 2004); *Hasan v. U.S. Dep't of Labor*, No. 01-1130, 2002 WL 448410 (7th Cir. 2002). Hasan's repeated frivolous litigation drains judicial resources, and we cannot allow it to continue. We have the discretion to impose, on our own motion, appropriate sanctions upon litigants who file frivolous petitions. FED. R. APP. P. 38; CIR. R. 38. Accordingly, we give Hasan fourteen days to show cause why he should not be subject to monetary sanctions under FED. R. APP. P. 38. *See Homola v. McNamara*, 59 F.3d 647, 651 (7th Cir. 1995).

Hasan's petition for review is DENIED.