Krzysztof **CHALIMONIUK**, Plaintiff,

v.

**INTERSTATE BRANDS CORPO-RATION and Tonia Gordon,** Defendants.

No. IP01–0788–C–T/K.

United States District Court, S.D. Indiana, Indianapolis Division.

Oct. 12, 2001.

George M. Plews, Plews Shadley Racher & Braun, Indianapolis, IN, for plaintiff.

Wayne O. Adams III, Ice Miller, Indianapolis, IN, J. Randall Coffey, Bioff Finucane Coffey & Holland LLP, Kansas City, MO, for defendants.

*ENTRY DISCUSSING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' RULE 56(f) MOTION*

BAKER, United States Magistrate Judge.

## I. Introduction

Plaintiff Krzysztof Chalimoniuk suffers from alcoholism. After accumulating the requisite number of attendance points, his employer, Interstate Brands Corporation terminated his employment for violation of its attendance policy. On June 1, 2001, Chalimoniuk filed suit against Interstate Brands and its assistant human resources manager, Tonia Gordon, alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et. seq.* in that he was terminated for taking a protected leave and subjected to discrimination under the FMLA. Chalimoniuk also asserts two supplemental state law claims for breach of contract and promissory estoppel.

Four days after the commencement of the discovery period, but before the parties conducted any discovery, Chalimoniuk moved for partial summary judgment, claiming that (1) Interstate Brands assistant human resource director Gordon is an "employer" under the FMLA, and (2) that Chalimoniuk was unlawfully terminated for taking a protected FMLA leave.

Pursuant to Fed.R.Civ.P. 56(f), Defendants claim that the Court's ruling on the present motion should be continued so they may conduct discovery on material issues relating to whether Chalimoniuk received medical treatment, and if so, the date of said treatment, and whether Chalimoniuk submitted fraudulent paper work to Defendants relating to his leave. To make this determination, and in order to properly respond to Chalimoniuk's motion, Defendants state they must depose Chali-

moniuk and his physician and obtain medical records from his health care providers. Because issues of material fact are in dispute and deserve an opportunity and benefit of discovery, the Court GRANTS Defendants' Rule 56(f) Motion.

## II. Factual Background

On or about July 16, 1985, Chalimoniuk began his employment with Interstate Brands. Most recently, until his termination on August 15, 2000, Chalimoniuk functioned as a cake production worker.

On or about February 8, 2000, Chalimoniuk requested and was granted a leave of absence pursuant to the FMLA, entering an outpatient program for treatment of alcoholism. Interstate Brands' written attendance policy states an employee may be discharged for accruing twenty-four "penalty points" within one year and the accrual of at least six "penalty points" since the most recent disciplinary action. Under the policy, no points are charged for absences taken under the FMLA.

On July 31st, August 2nd, 3rd, and from August 4th through 14th, Chalimoniuk was absent from work. During his absence, at unspecified dates, Chalimoniuk "received treatment for alcohol dependance and withdrawal syndrome" at an in–patient facility. (Chalimoniuk Affid., ¶ 7)[1]. On August 11th, completed FMLA paper work was returned to Interstate Brands and received by Gordon. In the paperwork, Chalimoniuk's physician indicated that Chalimoniuk was suffering from a "serious health condition."

Defendants assert that when Chalimoniuk delivered his medical certification paperwork, he admitted to them that it was false and that he was not receiving treatment for his alcohol related illnesses during his absence, and instead was simply too intoxicated to come to work. (Coffey Affid., ¶ 8)[2]. Defendants also believe that Chalimoniuk submitted false medical certification to them regarding his absences from July 31th to August 3rd. *Id.* at ¶ 11.

Defendants refused to excuse Chalimoniuk's absences for July 31st, August 2nd, and August 3rd, resulting in the accumulation of ten attendance points. As a result, Defendants terminated Chalimoniuk's employment for violating the Interstate Brands' attendance policy.

## III. Discussion

### A. Standard for Rule 56(f)

 Federal Rule of Civil Procedure 56(f) states:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The rule permits a district court to refuse to grant a motion for summary judgment or to continue its ruling pending further discovery if the nonmoving party submits an affidavit setting forth reasons why it cannot yet present facts sufficient to justify its opposition to the motion. *Woods v. City of Chicago,* 234 F.3d 979, 990 (7th Cir.2000). Summary judgment should not be entered "until the party opposing the motion has had a fair opportunity to con-

---

1. Concurrent with his Motion for Partial Summary Judgment, Chalimoniuk submits an affidavit in support of his motion.

2. Concurrent with Defendants' motion, and pursuant to Rule 56(f), attorney J. Randall Coffey submitted an affidavit in support of their motion.

duct such discovery as may be necessary to meet the factual basis for the motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A party seeking protection under Rule 56(f) must make· a good faith showing that it cannot respond to the movant's affidavits in order for the motion to be granted. *Kalis v. Colgate–Palmolive Company,* 231 F.3d 1049 (7th Cir.2000), citing *United States v. All Assets and Equip. of W. Side Bldg. Corp.,* 58 F.3d 1181, 1190 (7th Cir.1995); *Farmer v. Brennan,* 81 F.3d 1444, 1449 (7th Cir.1996).

### B. Interstate Brands and Gordon are Entitled to a Continuance Under Rule 56(f)

To date, no discovery has been conducted. Before the Court rules on Plaintiff's Partial Motion for Summary Judgment, Defendants state they need additional time to (1) depose Chalimoniuk to determine his whereabouts during the time in question and to ascertain whether he received treatment for a serious health condition; (2) obtain Chalimoniuk's medical records from his health care providers; and (3) depose Chalimoniuk's physicians to determine whether he actually received treatment. (Coffey Affid., ¶ 10).

Viewing the facts in a light most favorable to the non-moving party Defendants, material issues of fact disputed by the parties preclude a ruling on Chalimoniuk's motion. Without the benefit of discovery, and after reviewing materials submitted to the Court, there are questions as to whether Chalimoniuk received treatment from July 31st—August 3rd. Defendants assert that Chalimoniuk did not receive treatment during this time period but instead he was too intoxicated to come to work. In its answer, Interstate Brands states it has reason to believe that Chalimoniuk did not receive treatment until August 4th. (Interstate Brands' Answer, ¶ 20). Per-

haps most compelling, Chalimoniuk's affidavit submitted in support of his motion fails to state *when* he received treatment for alcoholism. If in fact Chalimoniuk did not receive medical treatment until August 4th, or his absences were due to his substance abuse and not for treatment thereof, his previous absences would not be covered under the FMLA, permitting Defendants to lawfully terminate his employment since the absences were not covered under the FMLA. See 29 C.F.R. § 825.114(d) ("absence because of the employee's use of the substance, rather than for treatment, does not qualify for FMLA leave."). Accord *Sloop v. ABTCO, Incorporated,* 178 F.3d 1285, 1999 WL 280281 (4th Cir.1999) (per curium) (plaintiff's absence from work was due to the consumption of alcohol and not due to court ordered residential treatment). See also *EEOC v. Yellow Freight System, Inc.,* 253 F.3d 943, 949 (7th Cir.2001) ("regular attendance is usually an essential function in most every employment setting").

When discovery proceeds, Defendants may present evidence that Chalimoniuk may have knowingly filed false medical information relating to his medical leave. This evidence could establish Defendants' affirmative defense of fraud, also precluding summary judgment. "An employee who fraudulently obtains FMLA leave from an employer is not protected by the FMLA's job restoration or maintenance of health benefits provisions". See *Chavez v. Lawrence & Frederick, Inc.,* 1999 WL 803374 at * 8 (N.D.Ill.1999), quoting 29 C.F.R. § 825.312(g).

The Court's granting Defendants' Rule 56(f) motion does not prejudice Chalimoniuk. His motion is a *partial* motion for summary judgment. Presumably, even if the Court were to grant his motion, discovery would continue on his remaining claims. Further, Chalimoniuk's motion

will receive full consideration upon the completion of appropriate discovery and full briefing.

In his Reply brief, Chalimoniuk contends that counsel's affidavit submitted pursuant to Rule 56(f) is insufficient, since "advocacy of counsel does not suffice for evidence of fact in a Rule 56(f) context." (Pl.'s Reply Brief at pg. 5), citing *Woods v. City of Chicago,* 234 F.3d 979, 991 (7th Cir.2000) and *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992). Chalimoniuk's citation to *Woods* is misleading. The plaintiff's attorney in that case did not file the requisite affidavit setting forth the reasons why the court should postpone its ruling but rather relied upon statements in his Rule 56(f) motion. *Woods,* 234 F.3d at 990. In the present case, Defendants submit the affidavit of J. Randall Coffey, which sets forth the reasons why additional discovery should be had before the Court rules on Chalimoniuk's dispositive motion.

In any event, courts routinely consider affidavits of counsel in consideration of Rule 56(f) motions. In addressing this very issue, the First Circuit concluded that an attorney's affidavit was "authoritative" since the affiant "possessed first hand knowledge" and was "competent to address specifics of the matters discussed". *Resolution Trust Corp. v. North Bridge Associates, Inc.,* 22 F.3d 1198, 1204 (1st Cir.1994). In fact, the *Resolution Trust* court noted that the parties' knowledge of discovery matters come "only through communications from counsel". *Id.* See also *Chambers v. American Trans Air, Inc.,* 17 F.3d 998, 1002 (7th Cir.1994) (Rule 56(f) expressly sets up a device by which *counsel* can advance his argument in support of denying the motion for summary judgment and allow further discovery) (emphasis added).

In his surreply, Chalimoniuk also contends that counsel's affidavit is deficient because he lacks personal knowledge about alleged admissions Chalimoniuk made about submitting false medical certification. (Pl's Surreply at pg. 1). The Court agrees that Mr. Coffey possesses no personal knowledge surrounding these allegations. However, relief under Rule 56(f) is still proper since it is unknown whether Chalimoniuk received medical treatment for his July 31st, August 2nd, and August 3rd absences, thus entitling him to a coverage under the FMLA. In his affidavit submitted in support of his motion, Chalimoniuk states "From July 31, 2000 to August 11, 2000 I again took a leave of absence from work because of my alcoholism and for treatment of my illness, including treatment for alcohol dependence and acute withdraw syndrome at Fairbanks Hospital's impatient facility." (Chalimoniuk Affid., ¶ 7). Chalimoniuk fails to state whether he received medical treatment on the days in which he was assessed attendance points resulting in his termination. This issue is material to the outcome of the case and deserves the full and fair benefit of discovery before the Court's ruling on Plaintiff's motion.

## IV. Conclusion

In granting Defendants' Rule 56(f) motion, the Court does not address whether Defendants interfered with Chalimoniuk's rights under the FMLA. Nor does the Court substantively address Plaintiff's Partial Motion for Summary Judgment. Rather, after Defendants are given a fair opportunity to conduct discovery and file their own dispositive motion, the Court will then give full consideration to Chalimoniuk's motion. Therefore, the Court GRANTS Defendants' Rule 56(f) Motion and postpones its ruling on Plaintiff's Motion for Partial Summary Judgment. As set forth in the Court's August 23rd En-

try, the Defendants shall file its Motions for Summary Judgment as soon as practicable, but no later than February 11, 2002. Likewise, Defendants shall file their opposition to Chalimoniuk's Motion for Summary Judgment as soon as practicable, but no later than February 11, 2002.

*So ordered.*