**Marsha Beth BREWER,**
**Plaintiff–Appellant,**

v.

**WISCONSIN DIVISION OF VOCATIONAL REHABILITATION SERVICES, et al., Defendants–Appellees.**

**No. 01–1100.**

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 16, 2001 *.

Decided Oct. 16, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

**458**

Before Hon. BAUER, Hon. EASTERBROOK, Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

Since 1984 Marsha Beth Brewer, a teacher, has been unable to work full-time due to mental illness and emotional problems. In 1992 Brewer asked the Wisconsin Division of Vocational Rehabilitation ("DVR") for help. Under Title I of the Rehabilitation Act, 29 U.S.C. §§ 720–765, states (like Wisconsin) that submit to certain regulatory requirements receive federal funding to provide vocational rehabilitation services. *See Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1247 (7th Cir.1997). The Rehabilitation Act requires vocational rehabilitation counselors to work with eligible participants to jointly develop and agree to individualized rehabilitation programs to achieve employment goals. *See* 29 U.S.C. §§ 721(a)(9), 722(b)(1)(A). Brewer, who holds a master's degree, asked the DVR to provide financial assistance for her to attend law school. Brewer's counselor, however, developed a rehabilitation plan that focused on her returning to work rather than pursuing another degree. Brewer insisted that she wanted to go to law school and, as a result, the two could not agree on a plan. The DVR eventually closed her file.

Brewer brought this action alleging, as relevant here, that the defendants discriminated against her because of her mental illness in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Brewer also claims that the defendants' violations of the Rehabilitation Act are actionable under 42 U.S.C. § 1983. She seeks compensatory and punitive damages. A magistrate judge, presiding by consent under 28 U.S.C. § 636(c), granted summary judgment in favor of the defendants on Brewer's § 504 claims. The magistrate judge also dismissed Brewer's § 1983 claims against the DVR and the individual defendants in their official capacities on sovereign immunity grounds, and dismissed her § 1983 claims that the individual defendants violated her constitutional rights by denying her request for financial assistance to attend law school. *See Mallett*, 130 F.3d at 1253 (section 1983 is not an appropriate means of remedying an isolated violation of an otherwise legal rehabilitation plan). The magistrate judge, however, allowed Brewer to proceed on her claims under § 1983 that the individual defendants violated the Rehabilitation Act by implementing a policy that disfavors funding for graduate school. A jury later returned a verdict in favor of the individual defendants.

■ On appeal Brewer argues that the magistrate judge erred by dismissing her § 1983 official capacity claims under the Eleventh Amendment. But we need not address immunity. Brewer's official capacity claims and her claims against the DVR, a state agency, may not proceed because § 1983 does not authorize damages suits against states. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000); *Power v. Summers,* 226 F.3d 815, 818 (7th Cir.2000).

■ Brewer also argues that the magistrate judge erred by granting summary judgment on her claims under § 504 of the Rehabilitation Act. "Section 504 is a civil rights provision that prohibits a federal grant recipient from discriminating against otherwise qualified handicapped individuals solely because of that handicap." *Mallett,* 130 F.3d at 1257. To establish a § 504 violation, Brewer must demonstrate that (1) she is a handicapped individual as defined by the Rehabilitation Act; (2) she is otherwise qualified for participation; (3) the program receives federal financial assistance; and (4) she was denied the benefits of the program solely because of her handicap. *Id.* Like the plaintiff in *Mallett,* Brewer is not "otherwise qualified" to receive vocational benefits from the DVR, *i.e.,* able to meet all of the program's requirements *in spite* of her handicap. *See id.* To the contrary, Brewer would not have been eligible to receive any rehabilitative services in the absence of her handicap. *See id.* Brewer cannot assert that the defendants violated § 504 without showing that non-handicapped applicants received the treatment denied to "otherwise qualified" handicapped applicants. *See id.* Consequently, the magistrate judge did not err in granting summary judgment for the defendants on Brewer's § 504 claims.

■ Brewer also contends that the magistrate judge erred by refusing to order the defendants to turn over their personnel files. We review the magistrate judge's denial of Brewer's motion to compel for an abuse of discretion, *Kalis v. Colgate–Palmolive Co.,* 231 F.3d 1049, 1056 (7th Cir.2000), and will not reverse the judge's ruling without a clear showing that the denial of discovery resulted in substantial prejudice, *Packman v. Chi. Tribune Co.,* No. 01–1016, 267 F.3d 628, 646–647 (7th Cir.2001). Counsel for the defendants represented to the magistrate judge that the personnel files requested by Brewer did not contain any relevant documents. Therefore, the magistrate judge did not abuse her discretion in denying Brewer's motion to compel.

■ Brewer also raises two issue arising from trial. She first challenges the magistrate judge's decision to allow the individual defendants to submit evidence demonstrating that the DVR had provided funding for other applicants to pursue graduate education. We review the magistrate judge's evidentiary rulings for abuse of discretion. *United States v. Robbins,* 197 F.3d 829, 837 (7th Cir.1999). The magistrate judge did not abuse her discretion by allowing the individual defendants to show that the DVR encouraged other applicants to attend graduate or law school; such evidence directly rebutted Brewer's claim that the DVR systemically discouraged graduate education. Brewer also challenges the magistrate judge's use of a special verdict question, but there is no indication in the record that she objected to its use to the district court. As a result, she forfeited the argument on appeal and we may not consider the issue even if the court erred in submitting the special verdict question to the jury. *See Deppe v. Tripp,* 863 F.2d 1356, 1361 (7th Cir.1988).

The judgment of the district court is AFFIRMED.