**Essex ALEXANDER, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant–Appellee.**

No. 01–3581.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 7, 2002.

Decided Aug. 19, 2002.

Before BAUER, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Schoolteacher Essex Alexander claims that the Chicago Board of Education[1] unlawfully discriminated against him because of his age by not hiring him for various administrative positions. Alexander filed suit in federal district court but did not diligently litigate. The district court eventually granted the Board's unopposed summary judgment motion—one day before Alexander claims to have filed a request for additional time to respond. On appeal Alexander argues that the court should have afforded him more time for discovery before entering summary judgment. We affirm.

Alexander, who is in his 60s, brought this age discrimination action in May 1999 assailing the Board's failure to hire him for several administrative positions, including principal of an alternative high school for Cook County prisoners. In November 1999 the court held a status hearing, but Alexander's lawyer did not appear. At that hearing the court ordered that discovery be completed by March 31, 2000; it later extended the cut-off date three times. In August 2000 Alexander moved to extend discovery again to enable him to depose additional witnesses; the court granted this request.

That same month the Board moved for a protective order to prevent Alexander from deposing Paul Vallas, the former chief executive officer of Chicago public schools. The Board offered to make available for deposition Blondean Davis, an administrator responsible for the day-to-day management of public schools. The Board also agreed to stipulate to the veracity of Alexander's testimony regarding a conversation he had with Vallas about the alternative school position. The court granted the Board's motion.

The period for discovery expired on September 5, 2000. Two weeks after the deadline, Alexander's counsel deposed Davis. Later that month the district court set a summary judgment briefing schedule; in November it extended the schedule. The Board filed its motion on January 5, 2001, but Alexander did not respond by the court's deadline (indeed, he did not respond at all).

Fifty-one days after his summary judgment response was due, Alexander submitted for docketing two motions: a request to vacate the protective order to allow him to depose Vallas, and a motion for addi-

---

1. The Chicago Board of Education used to be known as the Chicago School Reform Board of Trustees.

tional time to respond to the Board's summary judgment submission. Whether these motions ever reached the district court is unclear; copies of these motions contained in Alexander's appendix are not dated, do not contain an affidavit or a certificate of service, and do not appear on the district court's docket sheet. But they are stamped "RECEIVED FOR DOCKETING" with the date March 26. The motions were noticed for an April 3 hearing. In his request for an extension, Alexander's counsel explained that a heavy caseload had prevented him from filing a response.

On April 2 the district court granted the Board's summary judgment motion. Alexander moved for reconsideration under Federal Rule of Civil Procedure 59(e), again asserting that counsel's heavy caseload prevented him from complying with the briefing schedule, and that the court should permit him to depose Vallas. The court rejected these arguments:

> Plaintiff argues that there are material facts that have not been considered by the court. Instead of presenting evidence of the existence of such material facts, Plaintiff's counsel goes to great length to demonstrate that a heavy caseload prevented them from seeking relief from the Protective Order by the response deadline. Because Plaintiff has not demonstrated the Court committed an error of law or fact, relief under Rule 59(e) is not warranted.

> Additionally, Plaintiff's argument that he is entitled to relief because this Court did not grant relief from the Protective Order prohibiting the deposition of Paul Vallas is not persuasive. Courts have a responsibility to ensure that parties adhere to deadlines and are diligent in prosecuting their causes of action. [Citation omitted.] A heavy caseload is not an acceptable excuse for missing a filing

deadline. [Citation omitted.] During the course of litigation, this Court was very generous in granting several continuances to allow additional time for discovery. In consideration of the numerous continuances granted, Plaintiff's late or nonexistence filing of a motion for relief from the Protective Order is inexcusable and does not warrant relief under Rule 59(e). Finally, in light of the lengthy timeline of the case, it is not likely that is [sic] Court would have granted the Motion to Vacate the Protective Order.

(App. at A–38.)

Alexander's appeal is without merit. In his brief Alexander's counsel reargues his Rule 59(e) motion, and then claims that the district court should have granted his request for additional time to respond to summary judgment and his motion to vacate the protective order. We review the district court's denial of his Rule 59(e) motion for abuse of discretion. *Zivitz v. Greenberg*, 279 F.3d 536, 539 (7th Cir. 2002). Here, the court's refusal to set aside the judgment and allow additional discovery was not an abuse of discretion. Although Alexander contends that the court should have ruled on his motions before entering summary judgment, it is not clear whether these motions were even filed with the district court. In any event Alexander's pleas for additional time and discovery are not compelling. His counsel ignored court deadlines. Lawyers with a heavy caseload are not exempt from following court orders. Moreover, counsel does not explain why he did not make a timely request for an extension. Consequently, the court's refusal to reward counsel's dilatory tactics was not an abuse of discretion. *See Kalis v. Colgate–Palmolive Co.*, 231 F.3d 1049, 1056–57 (7th Cir. 2000) (court did not abuse its discretion by denying request for additional discovery

made one month after summary judgment response was due and nearly four months after the close of discovery).

AFFIRMED.