**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 26, 2006[*]
Decided June 28, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-4087

| | |
|---|---|
| CHARLES E. JUSTISE, SR.,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>ZENITH LOGISTICS, INC.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 04 C 764<br><br>Sarah Evans Barker,<br>*Judge.* |

**O R D E R**

Zenith Logistics terminated Charles Justise, a probationary employee, in 2001 for poor performance, and refused to rehire him three years later. Mr. Justise brought suit against Zenith in 2004 under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging race discrimination in both the termination and the refusal to rehire. The district court granted summary judgment for Zenith. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

The essential facts are not in dispute. Mr. Justise began working for Zenith in March 2001 and was fired three weeks later. Don Wells, the manager who terminated him, told Mr. Justise his performance was inadequate. Mr. Justise filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that his discharge was racially motivated. The EEOC issued a right-to-sue letter in June 2001 informing Mr. Justise that he had 90 days to commence a lawsuit. Mr. Justise took no further action.

Three years later, in 2004, Mr. Justise contacted Wells about the possibility of being rehired. Wells told Mr. Justise he would not be rehired because he performed inadequately and because Zenith has a policy against rehiring terminated employees. Mr. Justise then filed another charge of race discrimination with the EEOC claiming that Zenith unlawfully refused to rehire him. A right-to-sue letter was issued in March 2004, and the following month Mr. Justise filed suit.

In granting summary judgment for Zenith, the district court reasoned that Mr. Justise's claim of unlawful termination was time-barred and that he had failed to establish a prima facie case of discrimination arising out of Zenith's refusal to rehire him. We review a grant of summary judgment de novo, construing all facts and drawing all reasonable inferences in favor of Mr. Justise as the non-moving party. *Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that might affect the outcome of the case under the applicable substantive law. *Alexander v. City of South Bend*, 433 F.3d 550, 554 (7th Cir. 2006).

Mr. Justise first argues that the "continuing violation doctrine" allows his termination claim to survive. That doctrine, however, relates only to claims of a hostile work environment where the unlawful character of individual acts is not immediately apparent. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002); *West v. Ortho-McNeil Pharm. Corp.*, 405 F.3d 578, 581 (7th Cir. 2005); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239–40 (7th Cir. 2004). The doctrine does not apply to discrete acts of discrimination, such as termination or the failure to hire, which are actionable at the time they take place. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114–15; *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005); *Lucas v. Chicago Transit Auth.*, 367 F.3d 714, 723–24 (7th Cir. 2004). Discrete acts that fall outside the statute of limitations are untimely even if they are related to other discrete acts that fall with the limitations period. *Beamon*, 411 F.3d at 860; *Lucas*, 367 F.3d at 723–24. Thus, the district court properly concluded that Mr. Justise's unlawful termination claim was time-barred.

We also conclude that the district court correctly granted summary judgment on Mr. Justise's failure-to-rehire claim. Mr. Justise does not dispute that he was proceeding under the indirect, burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the indirect method, a plaintiff who establishes a prima facie case of discrimination shifts to the employer the burden of articulating a legitimate, nondiscriminatory reason for the challenged employment action. *Ballance v. City of Springfield*, 424 F.3d 614, 617 (7th Cir. 2005). If the employer offers such a reason, the burden reverts to the plaintiff to show that the proffered reason is pretextual. *Id.* The focus of pretext analysis is whether the employer's stated reason for the termination was honest. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006). In this case, Zenith argues, and we agree, that Mr. Justise put forth no admissible evidence to counter the employer's contention that he was not rehired because he performed poorly during his short, probationary employment and because Zenith has a policy of declining to rehire fired workers. Mr. Justise's personal opinion that his performance was better than all of his coworkers' carries no weight in the analysis. *See Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001) (job applicant's subjective belief that she was better qualified than the individual hired for the job was insufficient on its own to demonstrate pretext); *Denisi v. Dominick's Finer Foods, Inc.*, 99 F.3d 860, 865 (7th Cir. 1996) (plaintiff's personal opinion that his performance was satisfactory did not constitute evidence to defeat summary judgment).

Mr. Justise contends, nonetheless, that he would have been able to stave off summary judgment if the district court had not denied his motion to compel discovery. Mr. Justise waited to file his motion until discovery had closed and Zenith had already moved for summary judgment. The discovery he sought consisted of the name and job title of every employee who had worked at the same Zenith facility in the previous five years, the name of every employee hired or terminated during that period, and productivity data and disciplinary records for all employees for the period. Mr. Justise contends that these requests would have produced evidence demonstrating that his performance exceeded that of other employees, that Zenith rehired other discharged employees, and that Zenith hired people outside his protected class who were less qualified than him. The district court refused to compel production after agreeing with Zenith that the requests were overbroad, irrelevant, and raised privacy concerns. We review the denial of a motion to compel discovery for abuse of discretion and will not reverse "absent a clear showing that the denial of discovery resulted in actual and substantial prejudice." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646–47 (7th Cir. 2001).

Here, the district court acted within its discretion in denying Mr. Justise's motion to compel. Mr. Justise argues that the discovery he sought would have shown that he was a productive employee and thus Zenith's assertion that it

refused to rehire him because of his past performance is untrue. But Zenith did not rate Mr. Justise poorly based solely on production statistics. Rather, Zenith offered evidence that its evaluation encompassed complaints by supervisors that Mr. Justise did not follow instructions, wasted time, demonstrated poor communication skills, exhibited a confrontational attitude, and did not get along with his co-workers. When he was initially hired, Mr. Justise acknowledged in writing that attitude, ability to follow instructions and rules, and ability to get along with others are critical elements that if found lacking would result in discharge. Mr. Justise presented no evidence suggesting that Zenith did not honestly believe he suffered shortcomings in these areas, and his discovery requests could not have cured this evidentiary deficit. At best he was intent on proving that he was meeting production quotas when he was discharged, but that data--even assuming it is favorable--could not establish that he was qualified to be rehired because it does not answer Zenith's evidence that he failed to meet other performance elements. *See Woods v. City of Chicago*, 234 F.3d 979, 990–91 (7th Cir. 2000) (holding that district court did not abuse its discretion in denying plaintiff additional discovery before deciding summary judgment motion in part because plaintiff failed to show how discovery he sought was likely to generate any issue of material fact). Moreover, we cannot conclude that it was an abuse of discretion to deny Mr. Justise's motion to compel given its dilatory filing. *See Packman*, 267 F.3d at 647 (holding that district court did not abuse its discretion in denying motion to compel filed after discovery had closed and motion for summary judgment already had been filed); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056–57 (7th Cir. 2000) (holding that district court did not abuse its discretion in denying request for additional discovery after discovery had closed and response to motion for summary judgment was due).

AFFIRMED