NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021[*]
Decided October 7, 2021

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 20-3357

| | |
|---|---|
| MICHAEL O'GRADY, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Western |
| | District of Wisconsin. |
| *v.* | No. 18-cv-368-jdp |
| DANIEL GARRIGAN, *et al.*, | James D. Peterson, |
| *Defendants-Appellees*. | *Chief Judge*. |

# O R D E R

Michael O'Grady appeals the judgment against him in what began as a putative class action against more than three dozen people and entities connected to events at the high school his daughters attended. The district court pared down the claims and

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

parties until only O'Grady's claims remained. After a contentious discovery period, the court denied O'Grady's request to reopen discovery so he could take in-person depositions and entered summary judgment for the defendants. O'Grady appeals the refusal to reopen discovery, but because the court reasonably concluded that he did not provide a good reason to do so, we affirm.

Officials at Portage High School in Wisconsin partnered with local law enforcement agencies to conduct a sweep for drugs on the school grounds, including the parking lot. To obtain a permit to park in that lot, students and their parents must consent to unannounced searches. During one such search on December 19, 2017, a K-9 unit alerted on O'Grady's car, which his eldest daughter had driven to school. After a police detective interviewed the daughter and obtained the keys from her, another officer searched the car and found no contraband.

Later the same day, O'Grady came to the school in search of a cafeteria worker to resolve an issue with his daughters' lunch accounts. He encountered the dean of students, and a heated argument ensued. The dean accused O'Grady of repeatedly arriving unannounced at the school and harassing staff, while O'Grady demanded that his daughters be summoned immediately. He spoke to them a few minutes later.

O'Grady—who had a long history of conflict with both school and Portage officials—sued local law enforcement agencies and personnel, the school district, and school staff members over the events of December 19, as well as multiple other incidents and school policies. The district court eventually consolidated two of O'Grady's lawsuits into this case, in which O'Grady alleged that law-enforcement officers violated his Fourth Amendment rights by conducting a warrantless search of his car and that school officials unlawfully seized him and interfered with his parental rights when he could not immediately see his children during the school day.

In the months after the original lawsuit was filed in May 2018, many of the defendants sought and obtained injunctions limiting O'Grady's contact with them. They satisfied a Wisconsin court that O'Grady had engaged in a years-long pattern of harassment including in-person intimidation and frivolous legal filings.

Once the parties were at issue, the district court set a deadline for dispositive motions; that date was extended twice to an ultimate deadline of August 17, 2020. In the meantime, the parties conducted discovery, which involved multiple disputes giving rise to motions to compel and for sanctions. In April 2020, O'Grady served notices of

deposition on several individual defendants and the City of Portage. In light of the restraining orders against O'Grady, the defendants proposed that he take depositions by video conference. They also asked him to identify the topics for a deposition of the City's representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure. When O'Grady failed to respond, they moved for an order requiring remotely conducted depositions and to quash the notice for the City until O'Grady complied with Rule 30(b)(6). O'Grady then informed the defendants he would suspend depositions while he sought relief from the restraining orders. The district court granted the defendants' motion before learning of O'Grady's decision; it deemed video depositions appropriate because of both the restraining orders and the COVID-19 pandemic. As far as the record reveals, O'Grady made no further attempts to take depositions in any format.

In two groups—the school-district defendants, and the municipal and law-enforcement defendants—the defendants moved for summary judgment on August 17, 2020. O'Grady substantively responded to both summary-judgment motions, and the defendants filed reply briefs. Only then did O'Grady move under Rule 56(d) for the district court to "withhold judgment" until he conducted more discovery. He asserted that he did not "have access through deposition" to necessary evidence because he was enjoined from contact with the defendants.

In an omnibus decision addressing all pending motions in three of O'Grady's lawsuits, the district court declined to reopen discovery, explaining that "O'Grady does not provide a good explanation for why he has failed to collect the evidence he needs" in two years of litigation. O'Grady further failed to specify "what evidence he thinks he would obtain through additional discovery or how the evidence would alter the outcome" of his claims, which, the court continued, largely "have no basis in fact or law." On the merits, the court determined that O'Grady raised no genuine issue of material fact about whether the search of his car or his encounter with the dean violated his rights.

O'Grady now appeals, challenging only the denial of his Rule 56(d) motion. He maintains that he should have been allowed extra time to take depositions because the restraining orders hindered his ability to litigate. We review the district court's ruling for an abuse of discretion. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 877 (7th Cir. 2021).

The district court did not abuse its discretion in denying O'Grady's belated request for additional discovery. A Rule 56(d) movant must provide a "compelling

argument why discovery should be continued." *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 318 (7th Cir. 2003) (discussing former rule 56(f)). O'Grady gives no persuasive reason why he could not have completed depositions before the (extended) discovery deadline. He was free to depose the defendants by video conference and has neither explained his failure to do so nor argued that video conferencing was inadequate. (As the district court pointed out, video depositions were standard procedure at the time because of the pandemic.) Despite his vigorous motion practice throughout discovery, moreover, O'Grady did not actually move for a discovery extension until summary-judgment briefing was complete, and he has not justified that delay. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058–59 (7th Cir. 2000) (no error in denying motion to compel filed after deadline to respond to summary-judgment motion because movant was "lax in asserting her rights").

We have considered O'Grady's other arguments, and they are without merit.

AFFIRMED